SAMUEL KNOX v. ELIZABETH C. HENRY et al.

No. 470.*

PRACTICE—*Limitation of Actions—Extension of One Year.*  A cause of action on which suit is brought within due time is saved by section 17 of the code of civil procedure (Gen. Stat. 1897, ch. 95, § 17; Gen. Stat. 1889, ¶ 4100), for the period of one year after the failure of the action, whether the cause of action would be otherwise barred at the time of the dismissal, or at any time thereafter within one year.  The one-year limitation within which to commence a new action cannot be construed to apply only to causes where the time shall have expired at the date of the dismissal; it applies as well where the time expires within one year after dismissal.

Error from Shawnee district court; Z. T. HAZEN, judge.  Opinion filed January 4, 1899.  Reversed.

*A. H. Case*, for plaintiff in error.

*Vance & Campbell*, for defendants in error.

The opinion of the court was delivered by

McELROY, J. :  This action was brought by Samuel Knox on the 12th day of June, 1893, against Elizabeth

*Petition for order to certify denied by supreme court February 11, 1899.—REP.

C. Henry and others, for the recovery of the amount due on a promissory note due and payable according to the terms thereof on the 8th day of February, 1888, and for the foreclosure of a real-estate mortgage. The plaintiff in his petition, after setting out the particular facts constituting his cause of action, states that on the 13th day of May, 1890, he commenced an action thereon, which was afterward, on the 27th day of January, 1893, dismissed without prejudice for want of prosecution; and that the present action was brought within less than one year from the time of the dismissal of the former. The defendants contended in the trial court that the action was barred by the five-year statute of limitations, which contention was sustained by the court and judgment rendered for defendants. Motion for a new trial was overruled, and the plaintiff presents the case to this court for review.

The parties agree that the note on which this action was brought was due and payable on the 8th day of February, 1888, and that an action thereon would be barred by the statute of limitations on the 9th day of February, 1893, unless something occurred in the meantime to prevent the statute from running. The first action was instituted within due time, on the 13th day of May, 1890. The present action was brought on the 12th day of June, 1893, within less than one year after the dismissal of the former action. The question to be determined is whether the cause of action is saved by section 17 of the code of civil procedure, chapter 95, General Statutes of 1897, which reads:

"If any action be commenced within due time and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon

the merits, and the time limited for the same shall have expired, the plaintiff, or if he die and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure.''

The defendants here contend that this section is not applicable ; that the first action was commenced within due time—within two years, three months and five days after it accrued, and when dismissed there were yet twelve days remaining within which to bring an action ; that he was bound to commence action within that time if he would prevent the running of the statute against his claim ; and that section 17 was enacted to give one year when, and only when, the time had expired while the action was still pending.

The clause ''and the time limited for the same shall have expired'' as used in section 17, evidently means ''shall have expired after the commencement of the first action and before the expiration of one year after such action fails.''   An action brought within due time is saved by this section for the period of one year after the failure of the action, whether such action would be otherwise barred at the time of the dismissal, or at any time within one year after the failure of such action.   The limitation cannot be construed to apply to causes only where the time shall have expired at the date of the dismissal ; it applies as well where the time expires within one year after dismissal.   This construction of the section preserves the rights of all vigilant litigants uniformly, without doing violence to the language.

Section 17 of our code is almost an exact copy of the Ohio statute.   The supreme court of that state, in construing their statute in the case of *The Executors v. Railway Co.*, 12 Ohio St. 620, say :

''Under section 23 of the code of civil procedure, the

plaintiffs were entitled to a year after the dismissal within which to commence another action, as well for the last-mentioned cause of action, for the commencement of an action upon which the time limited had not expired, as for the first-mentioned cause of action upon which the time so limited for commencing an action had expired at the time of the dismissal of the action by the district court."

The judgment will be reversed, and the case remanded for a new trial, and for further proceedings not inconsistent with the opinion herein.

MAHAN, P. J., concurring.
WELLS, J., dissenting.