THE ANTHONY INVESTMENT COMPANY v. LEROY LAW et al.

No. 11,677.* (61 Pac. 745.)

1. NOTE AND MORTGAGE—*Personal Remedy against Maker.* The holder of a promissory note secured by a mortgage on real estate may ignore the mortgage and bring his action on the note alone, and the fact that the mortgagor may have sold the mortgaged property to another subject to the payment of the mortgage debt will not affect the right of the holder of the note to pursue the personal remedy against the maker.

2. ———— *Limitation of Action—Saving Clause in Statute.* Before the statute of limitations had run on notes an action thereon was begun, which was thereafter, and before trial, dismissed without prejudice. During the pendency of the action the notes were transferred to another. An action thereon was brought more than five years after maturity, but within one year after the dismissal of the former suit. *Held*, that the right of action thereon was

* The opinion by the court of appeals was rendered *per curiam.* See memorandum in 9 Kan. App. 890, and text of opinion in 58 Pac. 1116.—REP.

not barred, and that it is preserved to the transferee under section 23 of the civil code (Gen. Stat. 1897, ch. 95, § 17; Gen. Stat. 1899, § 4267), the same as it would have been to the payee of the note.

3. ———— *Payment by Guarantors—Liability of Makers.* Upon default of the makers, the guarantors of the notes advanced the money required for payment, and took them up uncanceled. *Held,* that such payment did not extinguish the debt of the makers, and that the guarantors were entitled to recover from them the money so advanced and paid.

Error from court of appeals, southern department; A. W. DENNISON, B. F. MILTON, and M. SCHOONOVER, judges. Opinion filed July 7, 1900. Reversed.

*A. C. Richardson,* and *S. W. Shattuck, jr.,* for plaintiff in error.

*W. S. Cade,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J. : This was an action to recover on four interest coupon notes, each for the sum of $42, executed by Leroy Law and Dora Law. On April 1, 1887, the Laws borrowed $1200 from the Farmers' Loan and Trust Company, and executed a promissory note for that amount, with ten interest coupon notes, each for $42, maturing semi-annually. They also executed a mortgage on a tract of land to secure the payment of these notes. At the same time they executed three additional notes, each for $40, secured by a second mortgage on the same land, payable to an officer of the company. The $1200 note and coupons, as well as the mortgage, were sold and assigned to Henry Waitt. Soon afterward the Laws conveyed the mortgaged land to John G. Kensley, who assumed the payment of the indebtedness. When the first four interest coupon notes became due they were not paid by the Laws or by Kensley, and the Farmers'

Loan and Trust Company, which had guaranteed the payment, paid the same, and they were delivered to it by the holder uncanceled.   Afterward, and in 1889, the second mortgage on the land was foreclosed, and a sale of the same ordered, subject to the first mortgage.   Default was made in the payment of the taxes, and the land sold for taxes, and it was subsequently conveyed to Emma L. Waitt by tax deed.   In 1890 the Farmers' Loan and Trust Company made a general assignment for the benefit of creditors, and the assignees took possession of the assets of the company.

In May, 1892, Henry Waitt commenced an action against the Laws, the Farmers' Loan and Trust Company, its assignees, and other parties, to recover on the $1200 note and to foreclose the mortgage given to secure its payment.   The assignees of the Farmers' Loan and Trust Company set up and asked judgment on the four interest coupon notes for $42 each which they had been required to pay.   The action brought by Henry Waitt was dismissed by him on January 5, 1894, and the action of the assignees on their answer and cross-petition against the Laws was also dismissed without prejudice.   While that action was pending, the assignees, by authority of the district court, sold the assets of the Farmers' Loan and Trust Company, including the four interest coupon notes in controversy, to the Anthony Investment Company.   On September 13, 1895, the company last named commenced an action against Leroy and Dora Law, before a justice of the peace, to recover on the four interest coupons heretofore mentioned, and a judgment was obtained by the company for $131.88.   An appeal to the district court was taken by the defendants, and the case was there tried on an agreed statement of facts, which resulted in a judgment in favor of the

defendants. That judgment was affirmed by the court of appeals, and the case was certified to this court for review.

The grounds for the decision of the district court are not stated, and no reason for the affirmance of the judgment was given by the court of appeals. The execution of the notes was not denied, and no claim was made that they had been paid by the defendants, who were the makers of the same. One contention is that the makers having sold the land subject to the mortgage debt no action could be maintained against them for a personal judgment before the foreclosure of the mortgage securing the notes. The debt represented by the notes is the primary obligation, and the mortgage a mere security for its payment. The holder of a note may at his option ignore the security and bring his action on the note alone, and the fact that the mortgagor has sold the mortgaged property to another, subject to the mortgage debt, does not affect the right of the holder to pursue the personal remedy. (*Lichty v. McMartin*, 11 Kan. 565; Jones, Mort., § 1220.) The fact that the purchaser of the property assumed the mortgage debt does not affect the personal liability of the makers of the notes, unless there has been an agreement to release them; and no release is claimed.

Another contention was that the action was barred by the statute of limitations because it was commenced more than five years after the maturity of the notes. In the action, which was brought in 1892, to recover upon the $1200 note and to foreclose the first mortgage, the notes in controversy were set up and judgment claimed thereon by the assignees of the loan company. They were not barred when judgment was asked on them in that action, and, it being dismissed

without prejudice, the notes were brought within the saving clause of section 23 of the civil code (Gen. Stat. 1897, ch. 95, § 17; Gen. Stat. 1899, § 4267), wherein it is provided that if any action be commenced within due time, and the plaintiff fail in such action otherwise than upon its merits, and the time limited for the same shall have expired, the plaintiff may commence a new action within one year after such failure. The present action was begun within one year after the dismissal without prejudice, and is therefore in good time.

The fact that there was an assignment of the notes, and that they were transferred during the pendency of the action, did not take them out of the saving clause referred to, and the right of action is preserved to the assignee for a year after the failure of the action, the same as it would have been to the payee of the notes. (*McWhirt v. McKee*, 6 Kan. 412; *Shively v. Beeson*, 24 id. 352; *Thornburgh v. Cole*, 27 id. 490.) Nor was their right affected by the fact that other parties were also defendants in the first action. The two actions, although not identical in form, were substantially alike, and in each case a personal judgment was sought on the notes, and on similar grounds of liability, so far as the defendants' are concerned. (*Hiatt v. Auld*, 11 Kan. 176.)

The final contention is that the payment of the coupon notes by the Farmers' Loan and Trust Company to Waitt, the holder of the same, was an extinguishment of the debt and released the defendants from liability. When the coupon notes became due and were not paid by the defendants, the company, as guarantor, was liable for their payment, and to meet this requirement and to protect its second mortgage, money for the payment of the same was ad-

vanced by it, in accordance with its custom. It was not a mere intermeddling stranger, but, being a surety who had paid the debt of its principal, it was entitled to recover the amount paid from the principal. Having advanced the money and taken up the paper, the company was entitled to all the rights and remedies of the assignor against the defendants.

Although there is a contention to the contrary, we think the petition in error sufficiently points out the errors complained of, and for these errors the judgments of the district court and of the court of appeals will be reversed, and the cause remanded with directions to enter judgment in favor of the plaintiff for the amount claimed.