## WILSON v. WHEELER.

### No. 802.    Opinion Filed May 9, 1911.

1. **LIMITATION OF ACTIONS—Second Action After Dismissal Without Prejudice.** Where a party brings an action for relief on the ground of fraud within the contemplation of Wilson's Stats. of Okla., sec. 4216, and on the trial, by leave, dismisses the same without prejudice, more than two years after his right of action accrued, and such party brings a second suit within one year from the time of the dismissal of the first cause to recover on the same cause of action, held, that the bar of the statute is not let in because of Wilson's Stats. of Okla., sec. 4221.

2. **APPEAL AND ERROR—Sufficiency of Petition on Demurrer.** Where it appears to this court that the petition states facts sufficient to constitute a cause of action, and no issue of law arising on a demurrer thereto is attempted here to be presented, the judgment of the trial court sustaining a general demurrer thereto will be reversed.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; Jos. G. Lowe, Judge.*

Action by T. B. Wilson against G. W. Wheeler. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*M. Fulton,* for plaintiff in error.
*Jno. H. Shirk,* for defendant in error.

TURNER, C. J. From a judgment of said court rendered and entered May 7, 1908, sustaining a general demurrer to his petition, plaintiff in error brings the case here and assigns that the court erred in sustaining said demurrer. This, in effect, is an action for relief on the ground of fraud within the contemplation

of Wilson's Stats. of Okla., sec. 4216. It would have been barred within two years after the discovery of the fraud. According to the face of the petition, the fraud was discovered December 9, 1899, and suit originally brought March 12, 1901, which was within due time. Pending that suit, the same coming on to be heard, it was, on October 22, 1903, dismissed for want of testimony, by leave, and without prejudice, and, on the same day, the present suit was brought on the same cause of action. The first question for us to determine is whether the instant suit was barred by Wilson's Stats. of Okla., sec. 4221, which reads:

"If any action be commenced in due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

We do not think it was. When plaintiff by leave of court was permitted to dismiss this suit without prejudice, there was a failure of the action otherwise than upon the merits and entitled him to commence a new action within one year after such failure.

*Myer v. First Presbyterian Church, etc.,* 11 Okla. 544, was an action to recover for services rendered commenced within the time prescribed by statutes. Plaintiff recovered judgment, which was subsequently reversed in the Supreme Court, and the cause remanded for a new trial. In the trial court it was dismissed without prejudice, whereupon plaintiff brought a second suit to recover for the same. It was held that the statute of limitations was not let in. The court said:

"After the cause was reversed and remanded to the probate court, the cause was dismissed by the probate court without prejudice, for failure of the plaintiff to comply with a rule as to payment of costs. This did not constitute a trial of the case on, or a determination of, the merits, and hence the plaintiff had a right to bring his second action within one year from the dismissal of the first, and this was done, and the statute of limitations has not barred the right of action. Neither does the judgment in the first cause constitute an estoppel; there was nothing finally ad-

judicated; the merits were not involved in the dismissal, and the court expressly ordered the dismissal without prejudice."

See, also, *Hachell v. Hebeisen,* 16 Okla. 223; *Knox v. Henry et al.* (Kan.) 56 Pac. 668; *Anthony Investment Co. v. Law,* 61 Kan. 745.

No laches appearing on the face of the petition, as contended, and no further question of law arising on demurrer being here attempted to be presented, and it appearing that the petition states a cause of action, the judgment of the lower court is reversed, and the cause remanded to be proceeded with in accordance with this opinion.

All the Justices concur.