**AMSDEN v. JOHNSON et al.**

No. 7376—Opinion Filed June 27, 1916.

Rehearing Denied July 18, 1919.

(158 Pac. 1148.)

1. **Statutes—Construction — Adoption from Another State.**

Where a statute is adopted from another state, the decisions of the Supreme Court of the state from which adopted, construing such adopted statute, rendered prior to the adoption of such statute by this state, are controlling.

2. **Limitation of Actions—Computation of Period—Commencement of Action—Effect of Dismissal.**

Where an action is timely brought and dismissed without a trial upon the merits, and another action for the same cause of action is brought within one year from the dismissal of such action, such second action is not, under section 4662, Revised Laws 1910,

barred, notwithstanding that the time for originally filing said first action shall have expired, and said section 4662 applies to all actions, whether statutory or under the common law.

### 3. Former Decision Overruled.

The case of L. W. Clapp v E. W. Miller, 56 Okla. 29, 156 Pac. 210, where in conflict with this opinion, is hereby overruled.

(Syllabus by Collier, C.)

Error from District Court, Lincoln County; Chas. B. Wilson, Jr., Judge.

Action by F. A. Amsden, doing business as the Prague Lumber Company, against H. J. Johnson and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

John J. Davis, S. A. Buckland, and Dale, Amidon & Madalene, for plaintiff in error.

Burford, Robertson & Hoffman and Courtland M. Feuquay, for defendants in error.

Opinion by COLLIER, C. On the 11th day of July, 1912, the plaintiff in error instituted an action against the defendants in error, seeking to foreclose a mechanic's lien upon certain property described in the petition. On February 3, 1914, the files of said cause having been lost, an order was made by the court, requiring the plaintiff to substitute papers in the cause, and, this not being done, on the 27th day of April, 1914, the cause was dismissed with prejudice, for failure to comply with said order of court. On the 18th day of May, 1914, a motion was filed to vacate the judgment and to reinstate the cause, and on May 28th, the motion to reinstate the cause was overruled, and the former order of dismissal modified by striking out "with prejudice." On the 11th day of June, 1914, the instant case was instituted. After various pleadings had been interposed and acted upon, defendants filed an answer, setting up in bar of the action the statute of limitations. Upon hearing of the cause, the court sustained said plea in bar, and dismissed the action, to which the plaintiff duly excepted. Timely motion was made for a new trial, which was overruled and excepted to, and this appeal prosecuted.

There is but one question in this case, and that is, Was the action barred by the statute of limitations? The facts are undisputed that the original action was brought in due time, that the said action was dismissed without prejudice, without a trial upon the merits, and that within less than one year after the dismissal of said action, upon failure of the plaintiff to comply with the order of court to substitute the papers, this action was brought. In support of the contention

of plaintiff that said action was not barred, the plaintiff relied upon section 4662, R. L. 1910, which provides as follows:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

It therefore follows that the controlling question involved is the construction of said section in connection with this case. This section was adopted in its exact language from the state of Kansas and prior to its adoption this section was construed in John Seaton et al. v. G. C. Hixon & Co., 35 Kan. 663, 12 Pac. 22, which was an action to foreclose a lien for materials furnished for a building, and is a case on all fours with the instant case. In said case it is held:

"And where the plaintiff commenced his second action within less than one year after his failure in the first action, though more than one year after the building was completed, held, that by virtue of the provisions of section 23 of the Civil Code (which is identical with section 4662, R. L. 1910) the action is not barred by the one-year limitation prescribed by section 4 of the mechanic's lien law."

In Sarah J. Hobbs et al. v. H. F. Spencer et al., 49 Kan. 769, 31 Pac. 702, it is held:

"In an action to partition real estate, where parties claiming a mechanic's lien are made parties defendant, and file an answer and cross-petition showing the commencement of an action which had been dismissed without prejudice; that within a year from such dismissal the present action had been commenced and cross-petition filed, held, that by virtue of the provisions of section 23 of the Civil Code [which is identical with section 4662, R. L. 1910], the action of the defendants claiming a lien was not barred by the one-year limitation prescribed by the mechanic's lien law, * * * although more than one year had elapsed since the completion of the building."

In James Hall v. W. H. Hurd, 40 Kan. 374, 19 Pac. 802, it is held:

"Where a second action is brought to recover the penalty under said section 16 within one year after dismissing the first action, such action is not barred, although the second action is not brought within one year after the demand is made."

Draper et al. v. Miller, 92 Kan. 275, 140 Pac. 890, was an action to enforce a subcontractor's mechanic's lien for work and material, an action similar to the instant case. In said case it is held:

"Where a plaintiff, while under such a disability, brings an action of that character, dismisses it without prejudice, and afterwards obtains a pardon, he may, within a year after such dismissal, institute a new action upon the same claim, notwithstanding any other statute of limitations."

The case of Seaton et al. v. Hixon et al., supra, was decided prior to the adoption of said section by this state, and therefore is controlling, and the other Kansas cases cited, supra, having been handed down since the adoption of said section by this state, are persuasive.

"When one state adopts the statute of another, it adopts only the construction placed thereon by the courts of the latter state which have been rendered before the adoption of the statute." Barnes v. Lynch, 9 Okla. 156, 59 Pac. 995; Farmers' State Bank v. Stephenson, 23 Okla. 695, 705, 102 Pac. 992; Oklahoma Gas & Electric Co. v. Lukert, 16 Okla. 397, 84 Pac. 1076; Laughlin v. Fariss, 7 Okla. 1, 50 Pac. 254; Z. T. Fort Produce Co. v. Southwestern Grain & Produce Co., 26 Okla. 13, 108 Pac. 386.

"Decisions of another state, construing an adopted statute, rendered subsequent to such adoption, are not binding, but are persuasive." Reaves v. Reaves, 15 Okla. 240, 82 Pac. 490, 2 L. R. A. (N. S.) 353; Barnes v. Lynch, 9 Okla. 156, 59 Pac. 995; Dill v. Ebey, 27 Okla. 584, 112 Pac. 973, 46 L. R. A. (N. S.) 440.

The section under consideration has also been construed by this court in Wilson v. Wheeler, 28 Okla. 726, 115 Pac. 1117 (said section of Wilson's Stat. Okla. § 4221, being identical with section 4662, R. L. 1910.) In Wilson v. Wheeler, 28 Okla. 726, 115 Pac. 1117, it is held:

"Where a party brings an action for relief on the ground of fraud within the contemplation of Wilson's Stats. Okla. § 4216, and on the trial, by leave, dismisses the same without prejudice, more than two years after his right of action accrued, and such party brings a second suit within one year from the time of the dismissal of the first cause to recover on the same cause of action, held, that the bar of the statute is not let in because of Wilson's Stats. Okla. § 4221."

In Wilson v. Wheeler, supra, Mr. Chief Justice Turner quotes with approval Myers v. First Presbyterian Church, in which it is held:

"Myers v. First Presbyterian Church, etc., 11 Okla. 544 [69 Pac. 874], was an action to recover for services rendered, commenced within the time prescribed by statutes. Plaintiff recovered judgment, which was subsequently reversed in the Supreme Court, and the cause remanded for a new trial. In the trial court, it was dismissed without prejudice, whereupon plaintiff brought a second suit to recover for the same. It was held that the statute of limitations was not let in. The court said: 'After the cause was reversed and remanded to the probate court, the cause was dismissed by the probate court without prejudice, for failure of the plaintiff to comply with a rule as to payment of costs. This did not constitute a trial of the case on, or a determination of, the merits, and hence the plaintiff had a right to bring his second action within one year from the dismissal of the first, and this was done, and the statute of limitations had not barred the right of action. Neither does the judgment in the first cause constitute an estoppel. There was nothing finally adjudicated: the merits were not involved in the dismissal, and the court expressly ordered the dismissal without prejudice."

In Hatchell v. Hebeisen, 16 Okla. 223, 82 Pac. 826, it is said the purpose of the statute is to save the plaintiff in action the right to commence a new action within one year where he has failed in such action otherwise than upon the merits, and allow him a trial upon the merits.

The case of Rodman v. Railway Company, 65 Kan. 645, 70 Pac. 642, 59 L. R. A. 704, cited and relied upon by defendant, was handed down subsequent to the adoption by their state of section 4662, and is a construction of a statute entirely different from the one hereunder reviewed, and we do not think it authority for the contention of the defendant that the enforcement of the mechanic's lien sued upon in this action was barred.

We have carefully considered the case of L. W. Clapp v. E. W. Miller, 56 Okla. 29, 156 Pac. 210, recently written by Commissioner Hooker, and are unable to agree with the reasoning thereof, and think that so far as said case holds that said section No. 4662, is not applicable to statutory actions, the same should be overruled.

For the errors pointed out, this cause should be reversed and remanded.

By the Court: It is so ordered.