## ROCK ISLAND COAL MINING CO. v. ALLEN.

No. 13492—Opinion Filed April 29, 1924.

Rehearing Denied Feb. 24, 1925.

### 1. Death — Action for Wrongful Death—Limitations—Statutes.

Sections 190 and 824, Comp. Stat. 1921, being in the same chapter of Civil Procedure and both sections being created by the same Legislature at the same time, are in pari· materia, and the limitation provided for in the former is applicable to actions provided for in the latter.

### 2. Same—Time for Second Action After Dismissal of First.

An action for wrongful death brought within two years from the date of death and disposed of otherwise than upon the merits after the expiration of two years and another action commenced within one year from the failure of the first action, is within the application of section 190, Comp. Stat. 1921, and the court has jurisdiction to hear the cause on the merits.

### 3. Trial—Demurrer to Evidence — When Overruled.

It is not error to overrule a demurrer to the evidence if there is any testimony tending to prove the material allegations of the petition.

### 4. Action for Wrongful Death—Sufficiency of Evidence.

The record examined, and held, the testimony sufficient to· sustain the judgment.

### 5. Master and Servant—Wrongful Death of Servant — Instruction — Assumption of Risk.

The instruction examined, and held sufficient to cover and explain all the issues submitted to the jury in plain language. Held, further, that fifth paragraph of the instruction which reads as follows: "You are instructed that the deceased by entering the employment of the defendant and engaging in the work of handling the powder in the jack house, which was a dangerous occupation, assumed the ordinary risks and dangers incident thereto, not only so far as they·were known to· him, but so far as they could have been known by the use of ordinary care on his part, and if the explosion which resulted in the death of deceased was the result of the ordinary risks and dangers incident to this particular employment, the defendant would not be liable unless the defendant was guilty of some negligence which proximately caused said explosion" is not in conflict with section 6, article 23, of the constitutional provision as to assumption of risk because the court told the jury that the deceased did not assume the risk of defendant's negligence.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by Martha J. Allen against Rock Island Coal Mining Company. Judgment for plaintiff, and defendant brings error. Affirmed.

C. O. Blake, W. H. Moore, and A. W. Harries, for plaintiff in error.

J. S. Arnote, for defendant in error.

Opinion by THREADGILL, C. In considering the questions involved in this controversy the plaintiff in error will be designated as defendant, and the defendant in error as plaintiff, as they appeared in the trial court.

The action was brought by the plaintiff, Martha J. Allen, on March 3, 1919, in the district court of Pittsburg county, on behalf of herself and children, against the defendant for damages accruing to them under section 824, Comp. Stat. 1921, by reason of the death of her husband October 25, 1919, while an employe of the defendant and by reason of its negligence as stated in the petition.

A suit based upon the said cause of action was begun, by the plaintiff against the defendant, in Latimer county, on February 18, 1916. which was dismissed for lack of prosecution March 5, 1918. The action in Latimer county was brought in the statutory limitation of two years, and this action was brought within one year after the first action had been dismissed.

A demurrer was interposed to the amended petition on the ground it did not state facts sufficient to constitute a cause of action, and that same was barred by the statute of limitation, and being overruled by the court, defendant saved its exception, and this action of the court was made one of the assignments of error in this appeal. There are two other assignments, one, for refusing to give defendant's requested instruction number 1, asking for directed verdict, and the other, for giving instruction No. 5, but the principal question involved is whether or not the action was barred by the statute of limitation, that is, does section 190 of our statute, which provides that where an action is dismissed otherwise than upon the merits a new action may be brought within the one year after such dismissal, apply to this case?

1. The section of the statute upon which the action is based reads as follows:

"Action for Death by Wrongful Act. When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

Defendant contends that this section is complete within itself, and the limitation imposed is a limitation upon the right given, and not upon the remedy provided, for the reason the action is one created by statute, and did not originate in the common law, and is not affected by section 190, Comp. Stat. 1921, and not subject to its provisions. This section reads as follows:

"Limitation of New Action. If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

Defendant contends that the section creating the action for damages for wrongful death is taken from the Kansas statute, and the above general limitation statute was taken from same source, and these two sections were construed by the Supreme Court of Kansas in the case of Rodman v. Mo. Pac. Ry. Co., 70 Pac. 462, and the court held as follows:

"Section 422 of the Civil Code creates a right of action for damages for death by wrongful act which did not exist at common law, and which does not obtain in the absence of such act. The limitation of two years prescribed in the act in which such action must be commenced is a condition imposed upon the exercise of the right of action granted, and this time is not extended by the pendency and dismissal of a former action, as provided in section 23 of the Civil Code."

Defendant cites, also, the following cases in support of its contention: Kerley v. Hoehman 74 Okla. 299, 183 Pac. 980; Gregory et al. v. Southern Pac. Co., 157 Fed. 113, Partee v. S. L. & F. Ry. Co., 204 Fed. 970. Upon these authorities the defendant claims that its demurrer should have been sustained on the ground of the bar of the statute of limitation.

We have examined these authorities and they seem to support only partially the defendant's contention. The Rodman Case was decided in November, 1902. The construction of similar statutes to ours was under consideration. The suit was brought by the widow in the district court for damages against the Union Pac. Ry. Company on account of wrongful death which occurred by engine of railroad on April 14, 1896, and thereafter removed to the United States Circuit Court where it was dismissed December 1, 1898, and another action was brought by the administratrix in the district court on December 28, 1898, being over two years from the date of the death and within one year from the dismissal in the United States court. The question of the bar of limitation was raised by the answer of defendant, and the demurrer to the testimony was sustained, and on appeal this ruling was upheld on the ground that the action was one created by the statute and the limitation of two years was a restriction on the right and inhered in the action and was a condition precedent to bringing the suit and not a restriction on the remedy. That the right did not exist under the common law and the statute creating the right and providing a limitation in the act of creation must be construed strictly.

It is true this case is strong against the contention of the plaintiff in this section and is a construction of the statute from which our statute was copied. But it must be remembered that the Rodman Case was decided in 1902, and in view of the fact that other courts have passed on similar statutes since that time and some of the decisions are in conflict with the reasoning of this case, we do not think that it is sufficient, without the reasoning is sufficient, to be controlling or persuasive upon this court. It was the first case decided upon this identical question by the Kansas court and Justice Pollock, who wrote the opinion, states as follows:

"The question here presented is one of first instance in this court. Our decision is therefore untrammeled by any former controlling opinion, and is based upon and induced by an examination of many decisions arising upon kindred statutes and the reasoning therein employed. The precise question has seldom arisen. Questions analogous in their nature are of frequent occurrence."

The court in the Rodman Case seems to have based its decisions upon the following cases: Foster v. Ry. Co., 72 Miss. 886, 18 South, 380; Murphy v. Ry. Co., 80 Iowa, 26,

45 N. W. 392; Railroad v. Sanders, 86 Ky. 259, 5 S. W. 563; Gerren v. R. R. Co., 60 Mo. 405.

The question of limitation in the Foster Case, supra, turned on the fact that the statute providing a limitation in wrongful death cases was a statute separate and apart from the other provisions of the Code, and not being included in the cases mentioned in the chapter containing the limitation provisions, and the wording of the statute was expressly excluded from having the tolling provisions applied to it. The Rodman decision makes no application of this citation at all and no such reason is given in the decision for excluding the section giving one year as a limitation.

The question in the Murphy Case, supra, was whether or not in case of the death of a minor the statute of limitation was extended during the time of his minority and the Iowa court held it was not for the reason the minor was not the person bringing the suit.

In the railroad case by the Kentucky court, supra, the wrongful death statute contained no limitation provision and the question was whether or not the general limitation statute of one year was applicable and the court held that it was. The court also held that in the case of an infant plaintiff, the tolling provision as to the infant was applicable, using the following language:

"If there be no one in esse who has the right to sue, then the saving in behalf of the infant would apply by virtue of the express provision of the statute, and his right be preserved for one year after the removal of the disability."

This case does not support the Rodman decision, but rather supports the plaintiff's contention. We cannot see how it can be used as a basis for the Kansas doctrine.

In the Gerren Case by the Missouri court, supra, the question turned on the application of the general limitation statute to the special statute which provided for loss of domestic animals by the railroad, the two acts being in different chapters, and the court held that under the statutory provision, that civil actions can only be commenced within the periods prescribed in this article after the cause of action shall have accrued, but where, in special cases a different limitation is prescribed by statute the action should be governed by such limitation. Of course this case was in point, but we cannot see the application in the argument because the Missouri court was simply construing the limitation in the particular case and holding that it did not come under the general provisions because in a different chapter and the statute provided otherwise.

We note further that in the Rodman Case the court quotes from Mr. Tiffany on Death by Wrongful Act, section 121, as follows:

"These special limitations differ in some respects from those created by the ordinary statute of limitation inasmuch as the act which creates the limitation also creates the action to which it applies. The limitation is not merely of the remedy but is of the right of action itself."

We confess that it is not easy to understand just what the learned author means in the expression, "Inasmuch as the act which creates the limitation also creates the action to which it applies."

The Kerley-Hoehman Case, supra, involved the question of the two year limitation being tolled by fraud, and this court, following the Kansas court, lays down the rule as follows:

"Section 5281, Rev. Laws 19910 (section 4313, St. 1893) (section 824, Comp. Stat. 1921), creates a right of action for damages for death by wrongful act which did not exist at common law and which does not obtain in the absence of such act. The limitation of two years prescribed in the act in which such action must be commenced is a condititon imposed upon the exercise of the right of action granted and this time is not extended by reason of the fraudulent concealment of the cause of death.".

In this case section 190, of our statute, which gives the right of a new action after the failure of another action otherwise than upon the merits, was not invoked. The question, therefore, involved in the case at bar was not involved in that case. The contention in that case was that the facts of the liability were concealed from the plaintiffs and on account of this fraud on the part of the defendant the statute was tolled under section 184, Comp. Stat. 1921, which reads as follows:

"An action for relief on the ground of fraud, the cause of action in such case shall not be deemed to be accrued until the discovery of the fraud."

But the action not being an action for fraud this section did not apply. The court states that the holding in the case is uniform while as a matter of fact, there were many cases at that time from various states holding to the contrary. No reason is given by the court for the holding except quotations from some authorities, and one of which

is a North Carolina case, and the North Carolina Supreme Court held directly and to the point that the statute giving the right of a new action after failure of the first action applies to this class of actions. The Kerley Case also quotes from an Alabama case, Louisville Ry. Co. v. Chambers, and an examination of the Alabama case shows it does not sustain the doctrine announced in the Kerley Case, except to the extent that the limitation is of the essence of the action, but the judgment in the case was upheld. The court also announced in this case that the statute must be construed strictly because it is in derogation of the common law.

The Kerley Case also cites a Missouri case, Barker v. Ry. Co., 14 S. W. 280.

It will be observed that the Missouri statute gave the widow the option to bring an action within six months and after that time the action to be brought by the minor children and provided that if she did not bring the action within six months then the right of action passed to the children, and if she brought the action after the six months that she must allege that there were no children. We cannot see where this case sustains the Kerley Case.

The case of Taylor v. Iron Co., 94 N. C. 525, and Lambert v. Ensign Mfg. Co (W. Va.) 26 S. E. 431, cited by the Kerley Case, are not in point on the question involved in the case at bar. They lay down the rule that limitation provided for adheres in the action and is a restriction upon the right rather than upon the remedy, being rights of actions created by the statutes, unknown to the common law.

The fact is that when our Legislature created the liability and created the limitation therein in the wrongful death statute it also created section 190, which gave the right of the new action after the failure of the former upon non-suit or otherwise than upon the merits.

Of course there may be some ground for difference where one act of the Legislature creates a special right of action and another Legislature at a different time creates a general limitation, as in the Gerren Case, supra, by the Missouri court, or the Rodman Case under the Kansas Code, and if the Kansas court had been construing the section under consideration of our statute, all of which became a law at the same time, we are disposed to believe that it would have interpreted these statutes entirely different and in line with many cases decided by courts of high authority since that time.

Now let us examine the language of section 190, Comp. Stat. 1921:

"If any action be commenced within due time and the judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits and the time limited for the same shall have expired, the plaintiff, or if he die and the cause of action survive his representatives, may commence a new action within one year after the reversal or failure."

It commences in broad terms, "if any action be commenced within due time," etc. There can be no dispute that the word action in section 824, and in 190 mean the same thing, and they are both in the same chapter, being chapter 3 of our statutes, and both adopted from Kansas in 1893, and were the law of Oklahoma Territory before statehood, and were embodied in the same chapter and have been the law during our years of statehood.

There is not a word or sentence in section 190 that tends in any way to limit it to the actions mentioned in the article of limitation of actions. The language is broad and comprehensive enough to include all actions provided for by our Code, and on the face of it this seems to be the legislative intent, and for it to appear otherwise the court must read between the lines or manufacture some restriction or meaning which does not appear and which we should not be willing to do unless the meaning is ambiguous.

There is not a word or sentence in section 824 that tends to intimate that section 190 does not apply to the actions provided for therein, nor do we see anything in section 824 that makes it necessary to interpret it differently or apply different application of the tolling statute to it than in any other special act of the Legislature whether the subject comes out of common law or is in derogation of it. We find no controversy in common law cases, that is, acts in aid of the common law, but only in acts of the Legislature creating rights not provided for by the common law. We do not find anything in sound reason or common sense for the difference. We do not see that the common law in one case and not in the other is any reason. Every right of action has a beginning and a time when it matures and becomes effective; in the common law it is by slow growth; in statutory actions quick growth.

Our mechanics' lien law is a statutory action, our usury law for double interest as a penalty is statutory, and our right of action against a notary public is statutory, just as our right of action for wrongful death is

statutory, and our court in the cases of Amsden v. Johnson, 74 Okla. 295, 158 Pac. 1148, and English v. Rogers, 68 Okla. 238, 173 Pac. 1046, has held that the tolling provisions under article 2, chapter 3, Civil Code, under the article Limitations of Actions in our statute, applies to the limitations provided in the mechanics' lien law, and our court has held in Bean et al. v. Rumrill. 69 Okla. 300, 172 Pac. 452, and Clapp v. Miller, 56 Okla. 29, 156 Pac. 210, that the tolling statute applies as in any other case, and there is as much reason for these special acts to be construed strictly and excluded from the provisions of section 190 as the statute for wrongful death.

The first case that came before this court construing and applying section 190 to statutory actions was Clapp v. Miller, 56 Okla. 29, 156 Pac. 210, and the court held that it did not apply to statutory actions.

This decision was handed down February 29, 1916, but this holding was overruled in the case of Amsden v. Johnson, 74 Okla. 295, 158 Pac. 1148, in which the court used this language:

"We have carefully considered the case of Clapp v. Miller, 56 Okla. 29, 156 Pac. 210, recently written by Commissioner Hooker and are unable to agree with the reasoning thereof and think that so far as said case holds that the said section No. 4662 (190, Comp. Stat. 1921), is not applicable to statutory actions the same should be overruled."

In the case of George et al. v. Connecticut Fire Insurance Company, 84 Okla. 172, 200 Pac. 544, handed down by this court January 10, 1922, the principles enunciated in the Clapp-Miller Case, supra, are restated and enlarged upon. The court following the construction of similar statutes by the New York court and contrary to the Kansas court. In the body of the opinion we find this language, quoting from the New York court, in the case of Hamilton v. Royal Insurance Company, 156 N. Y. 327, 50 N. E. 863:

"If those general provisions are not applicable to such a case, then we have a plain and definite system of law which governs one class of limitations, but no law of procedure whatsoever applicable to other classes."

"If these provisions do not apply to a limitation by contract, then it necessarily follows that there is no law applicable to such a limitation or to regulate the procedure for its enforcement."

And in applying the principles and argument laid down by the New York court our court states as follows:

"We are disposed to follow the holding in the New York case rather than the holding in the Kansas case for the reason that we thing it comports more with equity, right and reason and we do this notwithstanding the fact that our statutory limitations are adopted almost verbatim from the Kansas Code of Civil Procedure."

It seems to us that the same reasoning is equally consistent and comports with equity, right, and justice in the application of the limitation provided for in section 190 to wrongful death cases, where the rights of the widow and orphan children are involved.

This holding is in accord with the reasoning of the Minnesota Supreme Court in the case of Casey v. American Bridge Company, 116 Minn. 461, 134 N. W. 111, in passing on the question of the application of section 188, under article "Limitations," to the cause of action under section 824 of our statute. This is one of the tolling sections and affects the regular order of limitation, and reads as follows:

"If, when a cause of action accrues against a person, he be out of the state, or has absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state, or while he is so absconded or concealed; and if, after the cause of action accrues, he depart from the state or abscond, or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought."

The action was a death case and was barred unless this section applied. The cause of action arose in Oklahoma. The decision was rendered by Chief Justice Start.

In the body of the opinion we have this language:

"It appears from the record herein that section 21 (or section 188) and 413 (our section 824) are parts of one and the same act, the Code of Civil Procedure, enacted at the same time, and that neither section was the law before the other one was. Section 21 is general in its terms, and declares that, when a cause of action accrues against a person who is out of the territory (now state), the limitation shall not begin to run until he comes into the territory. When this qualification of the limitation or condition upon bringing a cause of action was enacted a right of action was given by the same act for the death of a person by the wrongful act or neglect of another. No cause of action is excepted from this just provision of the section, which was obviously intended to give every person having any cause of action a fair opportunity to enforce it before the doors of the court should be closed against him. Why, then, should an exception be read

into section 21 by construction, excluding a cause of action for the death of a husband and father, caused by the wrongful act or neglect of another?"

It was contended in that case by the defendant that section 182, Comp. Stat. 1921, excluded the application of section 188, and other general provisions. Section 182 reads as follows:

"Civil actions can only be commenced within the period prescribed in this article after a cause of action shall have accrued. But where in special cases a different limitation is prescribed by statute the action shall be governed by such limitation."

And Chief Justice Start, in this case, referring to this section, used the following language:

"The meaning of this provision is entirely clear. It has no reference to section 21, but it refers to the limitation provided in special cases by other statutes and declares that the limitation therein provided shall control.

After stating other contentions of the defendant and holding that if the act creating the right, in death claims, and providing a limitation was not in the same chapter with the general provisions of limitation, the general provisions would not be applicable, but if in the same chapter it would be in common with the other provisions and concludes the argument as follows:

"The cases cited cannot be regarded as controlling for the reason that the statute giving the cause of action and the tolling statute relied on were not parts of the same chapter and the question whether they were in pari materia was not discussed or decided in the opinion of the case cited which was based upon the conclusion that the statute giving the cause of action made no exception to the limitation. This was necessarily a correct conclusion if such statute was to be read and construed without reference to any other statute.

"A careful consideration of the several sections of the Code of Civil Procedure of Oklahoma set out in complaint and the briefs of respective counsel, including the adjudged cases therein cited, has led us to the conclusion that section 21 and section 413 thereof are parts of the same act, are in pari materia, and that each must be construed with reference to the other."

The following cases support the reasoning and conclusions in the cases above discussed: Swift & Co. v. Hoblawetz, 10 Kan. App. 48, 61 Pac. 969; Hoffman v. Delaware & H. Co., 148 N. Y. Supp. 509; Sharrow v. Inland Lines, 214 N. Y. 101, 108 N. E. 217, 1916 D, Ann. Cas. 1236; Meekins v. Norfolk (N. C) 42 S. E. 333; Trull v. Seabord (N.

C.) 66 S. E. 586; Korb v. Bridgeport G. L. Co. (Conn.) 99 Atl. 1048; Atlantic Ry. Co. v. Wilson (Ga.) 47 S. E. 366; Meisse v. McCoy, 17 Ohio St. 225; Wall v. Chesapeake & O. R. Co., 189 Ill. App. 234; Nelson v. Galveston, etc., Ry. Co., 78 Tex. 621, 22 A. S. R. 81; Chiles v. Drake, 2 Metcalf (Ky.) 146, 74 Am. Dec. 406.

We have examined the authorities cited by counsel in their briefs on both sides of the question under consideration and we have read with great interest the arguments put forth in the briefs and we have concluded that the great weight of authority is on the side of the contention of the plaintiff in this case and the reason given for applying the limitation provision in section 190, comports more with sound reason and simple justice than the authorities and arguments against it, and on this point we must, therefore, conclude that the holding of the trial court is correct.

2. In the second place the defendant contends that the evidence was insufficient to sustain the verdict; the facts as claimed by the plaintiff in the petition and as disclosed by the evidence were substantially as follows:

"The deceased was the husband and father of the plaintiff and her children and was in the employ of the defendant as a distributor of blasting powder to the miners in the coal mining business. It was his duty to open the large cans of powder at the house or room prepared for this purpose and fill the small receptacles for the miners who used the same in the coal mines. The house where this work was done was called the 'jack house' and the powder from the large cans was poured into still smaller containers called 'jacks.' In the performance of this duty the defendant furnished him a hardwood sprag, nearly round, about one and a half inches in diameter and about 12 or 14 inches long sharpened to a point at one end and a large hammer to open the cans and directed him to drive the sprag in the end of the can to make a hole to get the powder out. While in the performance of his duty there was an explosion which resulted in the injury which caused his death. The explosion blew the 'jackhouse' to pieces and set all the cans of powder from 75 to 100 placed in pigeon holes of the jackhouse on fire and that all exploded and burned. Certain parties saw and heard the explosion from a short distance and when they reached a place one witness testified that when he jerked deceased to his feet from where he was on his knees the first thing he said to him was, 'I was opening it just like I always did. I was just driving the sprag in the can when the explosion occurred,' and another witness said he heard him say, 'I was just opening a can of powder with a wooden sprag and the hammer just as I

always did when the explosion 'happened.' "

There was testimony to the effect that that there was a safer method of opening cans of powder than the method that was 'used by the company in this instance, and after reading all of the evidence in the case we think it was amply sufficient to go to the jury for them to determine, from all the facts and circumstances, as to what caused the explosion and as to whether or not the defendant was negligent in furnishing the deceased with safe tools with which to open the powder cans. The defendant did not offer any evidence but contented itself with asking for a directed verdict.

"A motion to direct a verdict admits all the facts and inferences to be drawn therefrom in favor of the party against whom the motion is directed, and leaves for consideration only such evidence as is favorable to the party against whom such motion is directed."

"Where, after disregarding all evidence tending to sustain the defense, there is any evidence from which the inference favorable to the plaintiff may be reasonably, although not necessarily, drawn the court will not invade the province of the jury by withholding from it the right to pass on the facts to be deduced from such inference."

O, R. I. & P. Ry. Co. v. Gilmore, 52 Okla. 296, 152 Pac. 1096; Sharum v. Sharum, 82 Okla. 266, 200 Pac. 176; Oklahoma State Bank v. Airington, 68 Okla. 160, 172 Pac. 462; Kenney v. Wi'liams, 66 Okla 167, 168 Pac. 196; Young v. Cole, 91 Okla. 113, 216 Pac. 429.

"Where there is doubt as to which of several probable causes produced the injuries, the cause of the injuries is properly a question 'or the jury." Elliff v. Oregon R., etc, Co., 53 Ore. 66, 99 Pac. 76; Petroleum Iron Works v. Wantland, 28 Okla. 481, 114 Pac. 717.

We think the court committed no error in refusing to direct a verdict in favor of the defendant.

3. In the third place the defendant complains of the fifth paragraph of the instruction which was as follows :

"You are instructed that the deceased, by entering the employment of the defendant and engaging in the work of handling the powder in the jack house which was a danerous occupation, assumed the ordinary risks and dangers incident thereto, not only so far as they were known to him, but so far as they could have been known by the use of ordinary care on his part, and if the explosion which resulted in the death of deceased was the result of the ordinary risk and dangers incident to this particular employment the defendant would not be liable unless the defendant was guilty of some negligence which proximately caused said explosion."

The defendant contends this instruction is in conflict with section 6, article 23, of the Constitution, as well as the rule stated in Osage Coal & Mining Company v. Sperra, 42 Okla. 726, 142 Pac. 1040. The objection goes to the last declaration in the paragraph, being the words:

"Unless the defendant was guilty of some negligence which proximately caused said explosion."

We are unable to see where this conflicts wth the constitutional provision as to contributory negligence and assumption of risk. The meaning is clear that the jury are instructed that the deceased assumed the risk of the dangers incident to the employment, but did not assume the risk of defendant's negligence. We cannot see how the jury were misled by this instruction to the injury of the defendant. We have examined the entire charge of the court to the jury and we think the court covered all the issues in the case in clear, simple language, such as the jury could easily understand, and same was fair to both sides of the case. We think the judgment of the court should be affirmed.

The defendant in error has called attention in her brief to the fact that the plaintiff in error, in taking the appeal, executed a supersedeas bond in the sum of $4,500 with the National Surety Company of New York as surety, and she asks for judgment against the surety on this bond in the sum of $2,000, being the amount of the judgment appealed from, and interest at 6 per cent. per annum from November 1, 1921, and all costs, and judgment is hereby rendered against said surety in the said sum of $2,-000 with 6 per cent. interest per annum from November 1, 1921, and all costs as asked for, according to section 797, Comp. Stat. 1821.

By the Court: It is so ordered.