ELIZABETH BACHMANN

v.

SUPREME LODGE KNIGHTS AND LADIES OF HONOR
ET AL.

*Insurance—Mutual Benefit Association—Holding Charters Granted by Different States—Acts of, Authorized by One Charter, Valid.*

1. Where a lodge, having a charter from the State of Kentucky, afterward received a charter from the State of Missouri, differing in some particulars, the effect of the Missouri charter was not to amend the former charter but to create a distinct corporation.

2. Such corporation acting, in Illinois, may, so far as is consistent·

with the laws of Illinois, act under either charter, and as to third parties its acts will be valid.   Two States can not, by legislative action, unite to create but one corporation.

3.   Where appellant's father took out a benefit certificate in appellee lodge, payable " to his wife, Cecilia Bachmann," and at the time of his death the said Cecilia was only his affianced wife, *held*, that as such certificate was authorized by the charter which appellee had received from the State of Kentucky, it was within the powers of the lodge to issue.   *

4.   The material allegations of a bill not admitted by the answer must be proved.

[Opinion filed March 19, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Mr. WILLIAM VOCKE and JOHN J. HEALY, for appellant.

Messrs. JONES & LUSK, for Cecilia Bachmann, appellee.

WATERMAN, P. J.   It appears in this case that one George Bachmann, a member of the appellee lodge, took a benefit certificate therefrom payable to appellant, his daughter; afterward he surrendered the certificate and had another issued, payable to " his wife, Cecilia Bachmann." Cecilia Welisek was then, and up to Bachmann's death continued to be, only his affianced wife, and was never dependent upon him.

At his death she and appellant claimed payment of the certificate, whereupon the lodge filed a bill of interpleader setting up these facts, and paid the money into court.   The Superior Court found in favor of Cecilia Welisek, who had possession of the certificate, and ordered the money paid to her.   Upon the hearing it appeared that the " Knights and Ladies of Honor " first became an incorporated body by an act of the legislature of the State of Kentucky.   For some reason the " Knights and Ladies of Honor " afterward received letters of incorporation from the State of Missouri.

The Kentucky act declared that the objects of the corporation were, among other things, to establish a relief fund

from which, on the death of a member, a sum not exceeding $1,000 should be paid to his or her family, or as he or she might have directed. The Missouri act declared that, among the objects of the "incorporation," was to establish a relief fund from which, on the death of a member, there shall be paid, etc., "to such member or members of his or her family, person or persons dependent on or related to him or her, as he or she may have directed." It is contended by appellant that the lodge, by receiving a charter from the State of Missouri, thereby engrafted upon its organization such Missouri charter, which became an amendment of the charter it had previously held, or entirely superseded the charter from the State of Kentucky.

In support of this position, appellant quotes the following from Sec. 993 of Morawetz on Private Corporations:

"A statutory license authorizing a foreign corporation to do business within the State does not alter the company's constitution, but merely gives the company a legal right to act pursuant to its constitution, outside of the State by which it was chartered. On the other hand, the reincorporation of a corporation chartered by a foreign State, involves an alteration of the constitution of the company as originally formed, and the creation of new relations."

The author did not mean by this that the legislature of Missouri could by any act upon its part amend an act of, or a charter granted by, the State of Kentucky. Not only is it not possible to do this, but the States of Kentucky and Missouri can not unite in legislation so as to create one corporation governed and controlled by the joint action of each. The State of Missouri may grant to the same persons a charter identical in language with one to them granted by the State of Kentucky, and the persons thus incorporated may act under the grants of each of the commonwealths; for many, perhaps for most purposes, there may be under such dual grant but one corporation; but as regards the relation of the incorporated to the sovereignties from which they have sprung, there are two corporations; two artificial beings have come out of two wombs; they may act by mutual

agreement with one mind, as they may be authorized by the law of any territory within which they are permitted to exercise their functions; the mind of a corporation is the will of the corporators, acting, as it must, within the limits imposed by its charter, and the laws of the sovereignty within which it is working. Because the corporators of corporations created by different States have seen fit to unite the several and separate creations in partnership, or to obtain an act of the creating sovereignties declaring them fused into one body, it does not follow that the separate existence of either is destroyed. Quincy Bridge Co. v. Adams County, 88 Ill. 615–619; Commonwealth v. Pittsburgh & C. Ry. Co., 58 Penn. St. 26–43; Port Royal R. R. Co. v. Hammond, 58 Geo. 523–528; Philadelphia & W. Ry. Co. v. State of Maryland, 10 Howard, 376; Mead v. New York & E. R. R. Co., 45 Conn. 99; Muller v. Dows, 94 U. S. 444.

In the present instance the charter granted by the State of Kentucky is unlike that given by the State of Missouri. A corporation operating in territory outside of the State by which it is created, exercises such powers within the limits of its charter, as are permitted by the laws and regulations of such territory. The lodge or parties holding these charters may, therefore, in the State of Illinois, act under either; that is to say, as regards third parties the act may be valid if warranted by either charter, although as among the corporators themselves the acts of the body representing them must be such as the corporators have authorized. The charter granted by the State of Kentucky authorizes such insurance as was effected by George Bachmann for the benefit of Cecilia Welisek; and there is nothing in the laws of the State of Illinois forbidding such insurance. As to this and other objections raised, it is to be borne in mind that the lodge raises no objection to the validity of the certificate issued, given to Cecilia Welisek. It has voluntarily come into court with the full amount called for by the certificate, and filed its bill, asking, merely, that the court decide whether this money belongs to Cecilia Welisek or to Eliza-

beth Bachmann. Such being the condition of affairs, we think that the decree of the Superior Court should be affirmed.

Elizabeth Bachmann sues, claiming to be the sole heir of George Bachmann. She has merely proven that she is his daughter. The material allegations of a bill not admitted by the answer must be proven. Dooley v. Stepp, 26 Ill. 86; Heacock v. Duraux, 42 Ill. 230; Nelson v. Pinegar, 30 Ill. 473; De Wolf v. Long, 2 Gil. 679; Wilson v. Kinney, 14 Ill. 27; Trenchard v. Warner, 18 Ill. 142.

The by-laws of the lodge provide that should all the beneficiaries named die before the decease of a member and no other or further disposition be made thereof, the benefit shall be paid to the heirs of the deceased member, dependent upon him; and if no person or persons shall be entitled to receive such benefit it shall revert to the relief fund. The beneficiary named in this certificate is not dead. The condition under which the benefit was to become payable to the heirs of the member has never happened. Appellant, Elizabeth Bachmann, has no claim upon this fund. Munhall v. Daly, 36 Ill. App. 428. It must either be paid to Cecilia Welisek or revert to the relief fund. The lodge does not claim a reversion.

The decree of the Superior Court will therefore be affirmed.

*Decree affirmed.*