### SARAH J. HOBBS *et al.* v. H. F. SPENCER *et al.*

MECHANICS' LIENS — *Limitation of Actions — Dismissal Without Prejudice.* In an action to partition real estate, where parties claiming a mechanic's lien are made parties defendant, and file an answer and cross-petition showing the comemncement of an action which had been dismissed without prejudice; that within a year from such dismissal the present action had been commenced and cross-petition filed, *held*, that by virtue of the provisions of §23 of the civil code, the action of the defendants claiming a lien was not barred by the one-year limitation prescribed by the mechanics' lien law, (¶ 4737 of the General Statutes of 1889,) although more than one year had elapsed since the completion of the building. ( *Seaton v. Hixon*, 35 Kas. 663, followed.)

#### *Error from Edwards District Court.*

ACTION by *Sarah J. Hobbs* and others against *H. F. Spencer* and another for partition of real estate, on which defendants claimed to have a mechanic's lien. Judgment for defendants, at the May term, 1889. Plaintiffs come to this court.

*W. H. French*, and *W. H. Robb*, for plaintiffs in error:

The court erred in receiving any evidence under the cross-petition of Spencer & Shatzer, for the reason that the action was not commenced within one year after the filing of the lien. There were no findings that defendants had filed their

lien as provided, and none that they served a copy of the lien upon the owner of the property. Under the authority of *McGonigle v. Gordon,* 11 Kas. 167, judgment should be entered for plaintiffs. See, also, 9 N. E. Rep. 385; 9 Atl. Rep. 665; 36 N. W. Rep. 638; 19 id. 453.

No appearance for defendants in error.

Opinion by GREEN, C.: On the 8th day of September, 1887, Sarah J. Hobbs commenced an action in the district court of Edwards county for the partition of certain real estate, and made H. F. Spencer and J. B. Shatzer, partners as Spencer & Shatzer, defendants, for the reason that they claimed a mechanic's lien upon the property, which lien was alleged to be invalid and of no binding force. The defendants, Spencer & Shatzer, filed their answer and cross-petition on the 28th day of October, 1887, setting up their lien statement, which they alleged was filed on the 25th day of January, 1886, and within 60 days after the completion of the building; that on the 27th day of January, 1886, they commenced an action in the district court to foreclose such lien; that said action was dismissed on the 12th day of March, 1887, without prejudice to a future action. To this action and cross-petition a general denial was filed. The case was tried by a jury, and a judgment was obtained in favor of Spencer & Shatzer, upon their cross-petition, establishing their mechanic's lien. The plaintiffs in error bring the case here for review.

The first assignment of error is, that the court erred in receiving evidence, under the answer and cross-petition of Spencer & Shatzer, because the action was not commenced within one year after the filing of the mechanic's lien. By the allegations of the answer, it seems that the first action of Spencer & Shatzer to foreclose their mechanic's lien was prematurely brought. It seems that the material for which a lien was claimed had been furnished to a subcontractor. Under § 632 of the code of civil procedure, the owner of the building is not liable to an action by the contractor until the

expiration of 60 days from the furnishing of the material. The action must, therefore, have been dismissed for that reason. The court must have held that a new action could be commenced within one year after the dismissal, under § 23 of the code. This question has already been settled in favor of the claimants for a lien.

" Where an action to foreclose a lien for materials furnished for a building is prematurely brought, and the judgment is rendered in the case against the plaintiff for that reason, *held*, that such judgment is not a bar to another action brought subsequently and in proper time against the same parties to foreclose the same lien." "And where the plaintiff commenced his action within less than one year after his failure in the first action, though more than one year after the building was completed, *held*, that by virtue of the provisions of § 23 of the civil code, the action is not barred by the one-year limitation prescribed by § 4 of the mechanics' lien law." (*Seaton v. Hixon*, 35 Kas. 663.)

The plaintiffs in error assign a number of other errors in their brief, but they are not argued. We have examined them and do not regard them as material. It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.