## LOVE et al. v. CAYLOR.

No. 13408—Opinion Filed April 15, 1924.

Rehearing Denied June 17, 1924.

1. **Mechanics' Liens—Foreclosure a Cumulative Remedy.**

The foreclosure of a materialman's lien is a cumulative remedy.

2. **Same—Personal Judgment as Bar.**

An action at law may be maintained for the recovery of a personal judgment on a claim, without foreclosing the materialman's lien securing said claim.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from County Court, Choctaw County; Choice D. Holden, Judge.

Action by Floyd Caylor, as Caylor Lumber Company, against Mollie Love et al. Judgment for plaintiff, and defendants bring error. Affirmed.

I. L. Strange, for plaintiffs in error.

Calvin Jones, A. A. McDonald, and A. W. Trice, for defendant in error.

Opinion by JARMAN, C. The parties will be referred to as they appeared in the lower court. Floyd Caylor, who was doing business as the Caylor Lumber Company, brought suit in a justice of the peace court at Hugo against Mollie Love and L. C. Love to recover the sum of $135.65 for lumber and building material furnished to the defendants. Prior to the bringing of this action the plaintiff had filed a materialman's lien for the amount of this claim. It

was the contention of the defendants that the court had no jurisdiction of this cause of action for the reason that the plaintiff was first required to pursue the equitable remedy of foreclosing his lien and exhausting the security therefor, as given him by said lien, before he could maintain an action at law on the claim against the defendants and recover a personal judgment therefor. Judgment was rendered for the plaintiff for the amount of his claim in the justice of the peace court and in the county court where said action was appealed, and from this judgment of the county court the defendants bring error.

The only assignment of error urged in the brief of the defendants is that the court had no jurisdiction of this cause for the reason above set out. We do not think there is any merit in this contention. The plaintiff was not required to foreclose his lien and exhaust his remedy in that manner before he could maintain a personal action against the defendants to recover the amount of this indebtedness. The foreclosure of the materialman's lien is only a cumulative remedy. Alberti v. Moore, 20 Okla. 78, 90 Pac. 543. The materialman's lien is not waived by bringing a personal action on a claim and procuring judgment thereon. 27 Cyc. 267.

The following rule is in accord with the great weight of authority:

"Recovery of a judgment against the debtor in a suit at law does not waive the right to a lien, nor bar an equitable action to enforce the same." Erickson v. Russ (N. D.) 32 L. R. A. (N. S.) 1072, and note.

Under the foregoing authorities, the plaintiff had a right to bring and maintain a personal action against the defendants for the amount of his claim, and the recovery of a personal judgment against the defendants would not affect the right of the plaintiff to proceed in a separate action to foreclose and enforce his materialman's lien. It, therefore, necessarily follows that the trial court had jurisdiction to hear and determine this cause.

The plaintiff asks for judgment against the sureties on the supersedeas bond, filed by the defendants in this action. There is attached to the case-made a copy of the appeal and supersedeas bond, executed by the defendants, and signed by W. S. Horton and M. F. Honeycutt, as sureties. The plaintiff is entitled to have judgment against said sureties, and, under the rules of this court, judgment is hereby rendered against said W S. Horton and M. F. Honeycutt in the sum

of $139.75 with interest at six per cent. from September 9, 1921, and for the costs of this action.

The judgment of the trial court is affirmed.

By-the Court: It is so ordered.