## ROYAL NEIGHBORS OF AMERICA v. FLETCHER.

No. 11913—Opinion Filed April 29, 1924.

Rehearing Denied June 17, 1924.

**1. Insurance — Nature of Action by Beneficiary.**

The relation between the beneficiary of an insurance policy and the company issuing the policy is that of creditor and debtor. and a suit for recovery thereon is a personal action for debt.

**2. Same—Effect of Controversy as to Ownership of Proceeds.**

The fact that there may be a controversy between two parties as to the ownership of the proceeds of the policy, litigated in the action for recovery on the policy by one of the parties, does not change the nature of the action.

**3. Process—Service by Publication—Personal Action Against Nonresident.**

The statutes of the state of Oklahoma relating to obtaining service by publication do not authorize the plaintiff to obtain service by publication in a personal action for recovery of money judgment alone against a nonresident defendant.

**4. Same—Action for Proceeds of Insurance Policy.**

Where the beneficiary of an insurance

policy is a nonresident of the state of Oklahoma, and one or more of the relatives of the deceased insured commence an action on the policy for the proceeds thereof on the ground that the nonresident beneficiary did not have an insurable interest in the life of the deceased, the statutes of the state of Oklahoma do not authorize obtaining service by publication on the nonresident defendant.

**5. Same—Invalidity of Judgment Against Nonresident.**

Service by publication or personal service, out of the state on a nonresident beneficiary, does not give the court jurisdiction over the person of the defendant, and any purported judgment rendered in the cause against the nonresident defendant on such service is void.

**6. Judgment—Presumption as to Validity.**

The judgment of a court of general jurisdiction is entitled to the presumption that all things have been done and exist to give effect and validity to the action of the court in so rendering judgment.

**7. Same—Presumption Rebutted by Record.**

But this presumption cannot exist when the record shows the contrary. In other words, the presumption sought to be indulged in favor of the support of the judgment must not meet with contradiction by matters shown by the record.

**8. Statutes—Foreign Statutes — Presumption in Absence of Pleading—Process on Nonresident.**

In the absence of pleading a statute of a sister state relating to service by publication, or obtaining personal service out of the state on a nonresident defendant, such statute will be presumed to be the same as a similar statute of the state of Oklahoma.

**9. Judgment—Invalidity—Defective Process Against Nonresident.**

A judgment founded on personal service out of the state on a nonresident defendant, in a personal action for a money judgment, or to bar the right of a beneficiary to collect the proceeds of an insurance policy, is void, and subject to collateral attack.

**10. Same—Action to Recover Life Insurance.**

A judgment against a nonresident, wherein it was sought to bar her right to recover as the beneficiary of an insurance policy, resting on personal service out of the state, is void and will not bar the right of such defendant to maintain her action on the policy.

**11. Insurance—Validity of Policy—Description of Beneficiary.**

It is immaterial that the insured may have wrongfully designated the beneficiary as belonging to a certain class of persons, if the beneficiary in fact, comes within one of the classes authorized under the by-laws of the insurance company and the law of the contract to claim the benefits of the policy.

**12. Same.**

The use of descriptive words and phrases relating to the relationship between the insured and beneficiary will not affect the validity of the insurance policy, unless such descriptive matter renders uncertain the person intended to be made the beneficiary of the policy, if the person so designated comes within one of the classes who may be named as a beneficiary.

**13. Same—Rights of Adopted Child as Beneficiary—Defective Procedure in Adoption.**

An attempted adoption which falls short of the legal requirements of the state, where the action is had to make the child an heir at law, will not defeat the right of the latter to recover as a beneficiary of an insurance policy on the ground of being a dependant of the insured, if she is in fact a dependent.

**14. Same—Insurable Interest — Extent of "Dependence."**

The fact that the status between the insured and beneficiary may be such that the dependent could not legally enforce his or her claim for support, is not the test in determining the right of the dependent to recover on the policy issued to her benefactor.

**15. Same.**

It is sufficient to support the action for recovery on the ground of dependency if a moral duty rests on the insured to support and maintain the beneficiary, if the former is in good faith performing the obligation so assumed by him. The status created would constitute an insurable interest in the life of his or her benefactor.

**16. Same.**

The courts have not undertaken to fix any general rule of law for guidance in measuring the right of a beneficiary to recover on the ground of being a dependent. The facts and circumstances of each case largely determine the right of the beneficiary to claim the status of a dependent of the insured.

**17. Same—"Dependency" a Question of Fact.**

The right of the beneficiary to recover on the ground of a dependent is a mixed question of law and fact. The insured in this case having taken the beneficiary from a place where she was amply provided for into his home when she was of the age of about 20 days, and having voluntarily assumed the obligation to support and maintain her, and after the death of his wife, having arranged to provide for her continued support and maintenance by him, and

there being no acts upon the part of the insured inconsistent with the purpose to continue the obligations so assumed, the facts and circumstances present an issue of fact upon the question of the beneficiary being a dependent of the insured.

### 18. Appeal and Error — Review—Questions of Fact—Conclusiveness of Judgment.

The question being one of fact, and the jury being waived, and the cause tried to the court, the rule relative to the sufficiency of the evidence to support the verdict of the jury, applies to the judgment of the court. If there is any testimony that reasonably tends to support the judgment of the court, it will not be reversed on appeal for insufficiency of the evidence.

### 19. Same—Judgment Sustained.

Record examined, and held to support the judgment for the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by Iona May Fletcher, a minor, for debt on insurance policy against the Royal Neighbors of America. Judgment for plaintiff. Defendant brings error. Affirmed.

Benj. D. Smith, Geo. L. Bowman, and Geo. M. Davis, for plaintiff in error.

Bond & Morris, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced her action against the defendant for recovery on an insurance policy, issued by the defendant to Porter G. Fletcher, wherein the plaintiff was named as the beneficiary. The action was filed by the plaintiff on December 7, 1919. The defendant filed its denial and for its several defenses alleged: That defendant is a fraternal insurance company, and Porter G. Fletcher became a beneficiary member of the defendant company in 1911. Mary A. Fletcher, who was named as the beneficiary of the certificate, died on July 8, 1917. The insured thereafter, and on June 8, 1918, caused the plaintiff to be named as the beneficiary of the policy. It appears that the insured and his wife took the plaintiff from an orphanage when she was about 20 days old. On February 27, 1915, the insured executed and filed for record in Dallam county, state of Texas, the following writing relating to the adoption of the plaintiff:

"Texline, Texas,
"Feb. 27th, 1915.

"To whom It May Concern: This is to certify that I the undersigned have adopted a child, said child being named Iona May Milton. The said child to have all the rights and privileges of one that should be of blood relation. This is to be extended in the way of education, inheritance, or any other way advantageous to said child."

"Given under my hand this 27th day of Feb. 1915.

"(P. G. Fletcher)".

"Subscribed and sworn to before me this 27th day of Feb. 1915.
(Seal)                    "Johnson Allen,
        "Justice of the Peace and Ex-officio Notary Public."

"Filed for record March 1st, 1915, at 8 o'clock a. m. and recorded March 1st, 1915, at 4:00 p. m.
        "Roy W. Thompson, County Clerk.

The plaintiff lived in the family of the insured until about February 8, 1917, when the wife of the insured took her and went to the home of her sister, Mrs. Tucker, who lived in the state of Oklahoma. Mrs. Fletcher continued to live in the home of her sister until the date of her death. The evidence would indicate that Mrs. Fletcher and her husband separated. After Mrs. Fletcher died, her sister got into communication with Mr. Fletcher and made inquiry of him as to provisions for caring for plaintiff. Mr. Fletcher notified her to take the plaintiff to the home of his mother in Texas. When Mrs. Tucker reached the home of the mother, she refused to take and care for the child. On November 14, 1919, the mother of the insured, joined by the father, commenced their action in the district court of Dallam county, Tex., for recovery on the policy sued upon in this action, alleging that the deed of adoption executed by their son failed to meet the legal requirements of the Texas statutes, and as a result thereof this plaintiff was not entitled to the proceeds of the policy. The laws of Texas require the same formality in the execution of a deed of adoption as in a conveyance of real estate. The mother and father further alleged that this plaintiff was not a dependent on their son at the time of his death. The statutes of Texas provide that in the event the beneficiary of an insurance policy is incapable in law to receive the payment of the proceeds of the insurance policy, then such persons, in the order named, should receive the payment. One of the classes named included the mother of the deceased, but did not include the father. The right of the father arises after the death of the mother. The plaintiff in the Texas suit set forth that this plaintiff claimed some interest in the policy, the nature and extent of

the same being unknown to the pleader, and alleged that whatever claim this plaintiff might have in the policy was void, and prayed the judgment of the court accordingly. At the time of the commencement of the suit in the district court of Hale county, Tex., this plaintiff was a nonresident of the state of Texas, and then resided in Stephens county, Okla. She was not served with summons in the state of Texas, and her appearance was not entered in the case. According to a return filed in the case, a summons was issued by the clerk of the court, and served personally on this plaintiff in Stephens county. This action was pending against the defendant in the district court of Stephens county during the time the Texas case was pending and tried. The defendant did not plead pendency of the Oklahoma case, in the Texas suit nor ask that the Texas suit be stayed until disposition of this action. The defendant in this case did not ask the court to stay its proceeding until determination of the Texas case. The Texas case came on for trial in January, 1920, which resulted in a judgment in favor of the mother on the policy in the sum of $2,000. The judgment further found that this plaintiff was not entitled to recover the proceeds of the policy as a dependent, and that the deed of adoption was insufficient to constitute this plaintiff the legal heir of the insured. The defendant insurance company appealed from the decision of the trial court as to the mother, Dollie Fletcher, to the Civil Court of Appeals of Texas. The judgment was affirmed and is reported in 230 S. W. 476. The defendant has pleaded the judgment of the Texas court as a bar to plaintiff's recovery in this action. The instant case came on for trial in the district court of Stephens county August 23, 1920, which resulted in a judgment against the defendant and in favor of the plaintiff in the sum of $2,000. In the trial of both cases beneficiary's right to recovery depended on whether she was a dependent of Porter G. Fletcher, the insured. In the Texas case the issue was found against this plaintiff, and in this case it was found in favor of the plaintiff. There are two main questions involved in this appeal: (a) Did the Texas judgment operate as a bar to plaintiff's recovery in this action? (b) Is the evidence sufficient in this case to support the finding of the issues of fact in favor of the plaintiff and against the defendant?

In the Texas action the relation between this plaintiff, the mother of the deceased, and the insurance company was that of creditor and debtor. The action was for the recovery of a money judgment on the policy, either in favor of the mother or this plaintiff, and against the insurance company. Incidentally the mother sought to have the court determine, as between her and this plaintiff, who was the creditor. The Texas action was not for the purpose of settling the status or title to property, or to subject property to some action of the court. The suit was for the purpose of compelling action on the part of the defendant, in the payment of a sum of money, either to the mother of the insured or to this plaintiff, and was an action in personam. Gassert v. Strong et al. (Mont.) 98 Pac. 497.

The defendant did not plead or prove the Texas law in relation to the class of cases in which service by publication may be had, and personal service out of the state. It will be presumed that the law is the same in Texas in relation to service by publication on a nonresident defendant, or personal service out of the state, as in this state. Western Union Tel. Co. v. Crawford, 29 Okla. 143, 116 Pac. 925; Marx v. Hefner, 46 Okla. 453, 149 Pac. 207.

In so far as actions for the recovery of money are concerned, aside from other legal proceedings, personal service out of the state on a nonresident defendant will not give the court jurisdiction of the defendant, and a judgment rendered upon such service is void as to the defendant so served. The judgment so obtained may be attacked by the defendant in a collateral proceeding. Earl v. Earl, 48 Okla. 442, 149 Pac. 1179; Thompson v. Whitman, 18 Wall. (U. S.) 457, 21 L. Ed. 897. Jefferson v. Gallagher et al., 56 Okla. 405, 150 Pac. 1071. In the Texas case the personal service made on this plaintiff in Oklahoma did not give the court jurisdiction in the case of Dollie Fletcher v. Royal Neighbors of America, 230 S. W. 476, to bar her right to recover on the policy in this action, if the facts of the case warrant recovery.

Relating to the sufficiency of the evidence to support the verdict, the defendant admits that the plaintiff was dependent upon the insured for support and maintenance at the time she was living in his home. The testimony of Mrs. Tucker on this point is that when the mother refused to care for the plaintiff for her son, the latter told Mrs. Tucker that he would pay her the sum of $10 per month, and furnish to her a part of the necessary clothing for the plaintiff, until he could provide a home for her. The insured advised Mrs. Tucker to call on him

at any time she needed any money for the support given plaintiff. Mrs. Tucker then took the plaintiff back to Oklahoma and cared for her in her home. She testified that during the two years the insured lived he sent to the plaintiff several dresses and pairs of shoes and considerable other clothing. He also sent to the plaintiff his deceased wife's piano. During the time that the plaintiff was living in the home of Mrs. Tucker, and after the death of his wife, the insured made this plaintiff the beneficiary of the policy sued on herein. The plaintiff was wholly dependent upon some person for support at all times on account of her tender age. The insured took the dependent plaintiff in his home and voluntarily assumed the obligation of providing for her support and maintenance. The action of the insured in so doing made the plaintiff his dependent. The provision the insured made for the plaintiff for her care by Mrs. Tucker, and the making of the plaintiff the beneficiary of the policy, are acts consistent with the purpose of the insured to discharge the assumed obligation of supporting the plaintiff. The acts of the insured were sufficient to create an issue of fact on the question of the dependency of the plaintiff on the insured, and the intention of the latter to continue the support. The question of dependency is determined largely from the facts in the particular case, rather than from some general rule of law; in fact, courts have not undertaken to fix a standard for general application in measuring plaintiff's right to recover on the grounds of being a dependent. Sovereign Camp of Woodmen of the World v. Noel, 34 Okla. 596, 126 Pac. 787, 41 L. R. A. (N. S.) 648.

It is immaterial whether or. not the deed of adoption executed by the insured is sufficient to make the beneficiary an heir at law of the insured, as the question of dependency is not measured by such tests. It is sufficient if the insured has voluntarily undertaken to support the dependent under such circumstances as impose a moral obligation to continue the maintenance of the dependent, and is fulfilling the obligation in good faith. Murphy v. Nowak, 223 Ill. 301, 79 N. E. 112, 7 L. R. A. (N. S.) 393; Caldwell v. Grand Lodge of United Workers, 148 Cal. 195 82 Pac. 781, 113 A. S. R. 219, 7 Ann. Cas. 356, see note to 2 L. R. A. (N. S.) 653; McCarthy v. Supreme Lodge, 153 Mass. 314, 26 N. E. 866, 25 A. S. R. 637, 11 L. R. A. 144. But the law does not undertake to fix the degree of dependency that is required to bring the beneficiary within the rule. The right of the beneficiary to re-

cover on the ground of being a dependent rests upon the good faith of the insured in assuming and discharging the obligation to support the beneficiary, as well as the ability of the dependent to provide her own support. Sovereign Camp of Woodmen of the World v. Noel (supra). Whether or not the relationship between the insured and the beneficiary is sufficient to bring the matter within the scope of a dependent is a question of fact for determination by the jury or court.

The insurance company urges that the designation of the beneficiary as the daughter of the insured was false and voided the policy. The policy sued upon is a Texas contract, and the Texas statutes pleaded by the defendant authorized the designation of a dependent as a beneficiary in a policy similar to the one sued on herein. The by-laws of the defendant company make like provision. Both the law of the place of the contract and the by-laws of the company recognizes that a dependent has an insurable interest in the life of his or her benefactor. There is nothing to indicate that the insurance company would have withheld the insurance, if the plaintiff had been designated in the policy as a dependent. No injury is shown to have been suffered by the defendant on account of the plaintiff being designated as the daughter of the insured. Under the law applicable to this case, no difference is made in the rights of the parties as between the respective classes. There is no indication on the part of the defendant that it would have made any difference in issuing the policy, as between the respective classes, i. e., daughter and dependent. So far as the record shows the defendant would have issued the policy as freely for the benefit of a dependent as a daughter of the insured. The use of descriptive words and phrases referring to the relation between the insured and beneficiary will not affect the validity of the insurance policy, unless such descriptive matter renders uncertain the person intended to be made the beneficiary of the policy. It is sufficient if the person sought to be made the beneficiary is certain, and comes within the class authorized by the law of the contract to receive the benefits of the policy. Modern Brotherhood of America v. Lillie Harden (Ky.) 17 A. L. R. 576; Bachman v. Supreme Lodge K. & L. M., 44 Ill. App. 188; 29 Cyc. page 121. The term "dependent," as used in the policy sued on herein. is intended to include persons other than members of the family, heirs, or persons related by blood. Sover-

eign Camp W. O. W. v. Noel, supra; Mc-Carthy v. Supreme Lodge, supra.

In a law action, where the jury is waived and the cause tried to the court, on the question of the sufficiency of the testimony to support the judgment, the same rule applies as in the trial by jury. If there is any evidence that reasonably tends to support the judgment, the cause will not be reversed for insufficient testimony. Beard v. Herndon, 84 Okla. 142, 203 Pac. 226; Anicker v. Doyle, 84 Okla. 62, 202 Pac. 281; Lieberman v. Herring Martin Co., 84 Okla. 168, 203 Pac. 1045; Gaines Bros. Co. v. Citizens Bank of Henryetta, 84 Okla. 265, 204 Pac. 112.

The judgment being without error, we recommend that the cause be affirmed.

By the Court: It is so ordered.