# NOLAN v. JACKSON.

No. 13287—Opinion Filed May 7, 1924.

Rehearing Denied Dec. 16, 1924.

(Syllabus.)

**Judgment—Collateral Attack—Scope of Inquiry.**

"On collateral attack against the judgment of a court of record, when fraud is absent and all necessary jurisdictional facts existed in the court rendering the judgment attacked, the court on such collateral attack has no right to inquire, determine and adjudge as to the existence in the original action of quasi jurisdictional fact or facts constituting a cause of action, and this is true even though upon the face of such judgment itself it appears that the court in the original action had erred both in fact and in law as to the existence of such facts and the right of the parties to the relief granted." Abraham v. Homer, 102 Okla. 12, 226 Pac. 45.

Error from Superior Court, Creek County; G. R. Wilcox, Judge.

Action by Isaac Nolan, an incompetent, by his guardian, against L. B. Jackson. Judgment for defendant, and plaintiff brings error. Affirmed.

Creekmore Wallace and John J. Davis, for plaintiff in error.

Thrift & Davenport, for defendant in error.

LYDICK, J. This is a suit brought in the superior court of Creek county, Okla, by Isaac Nolan, an incompetent person, against L. B. Jackson, as defendant. The object of the suit is to cancel a deed given by a former guardian of this incompetent conveying certain real estate unto the defendant above named. The lower court sustained a demurrer to the evidence of the plaintiff and rendered judgment against him. He brings the case here on appeal. We refer to the parties according to the position they occupied in the lower court.

The land involved was the property of the ward and was sold to L. B. Jackson in the year 1912, in guardianship proceedings over his estate pending in the county court of Creek county. It is contended by the plaintiff that said deed and judgment of the county court confirming such sale are void. In support of his contention the plaintiff says that the petition filed in the county court for the sale of said real estate contained the following recital as the cause and grounds for such sale, to wit:

"That it is to the ward's interest that the hereinafter described portion of said real estate should be sold for the following reasons, to wit. To discharge real estate mortgage on ward's land which is due in six months, and to provide funds for guardian to pay same, and to provide funds for the care of said ward."

Plaintiff alleges that the ward was not in need of funds for his support, and that in truth and in fact the note and mortgage referred to were obtained without consideration and that the incompetent was not indebted on said account. The charge of the plaintiff, therefore, is merely this, that no cause of action existed which legally supported the judgment rendered and entered by the county court authorizing and directing the sale of the real estate involved. In Abraham v. Homer, 102 Okla. 12, 226 Pac. 45, we read:

"On collateral attack against the judgment of a court of record, when fraud is absent and all necessary jurisdictional facts existed in the court rendering the judgment attacked, the court on such collateral attack has no right to inquire, determine, and adjudge as to the existence in the original action of quasi jurisdictional facts or facts constituting a cause of action, and this is true even though upon the face of such judgment itself it appears that the court in the original action had erred both in fact and in law as to the existence of such facts and the right of the parties to the relief granted."

There is a time and a place for the judicial determination of every disputed question affecting the affairs of men. By such determination we mean one that brings the dispute to an end. The framers of our Constitution provided that this question should be determined originally by the county court of Creek county, and not elsewhere. It appears that there existed in the county court in this case all the necessary jurisdictional facts as defined by us in Abraham v. Homer, supra, and in the absence of fraud, this judgment is final unless set aside on appeal. These transactions occurred 15 years ago, and the county court of Creek county was then certainly in a better position to correctly determine the facts than could a court at this late day. That is what the framers of our Constitution believed and provided, and such intention we desire to vitalize. Final judgments there rendered within the scope of constitutional jurisdiction are not to be treated as playthings to be tossed about, broken, and cast away as children play with toys. This question was adjudicated by the county court, and with fraud absent, and all the jurisdictional facts existing, that must be the end of the story.

Were we to follow a different rule, then guardians' deeds would become mere scraps of paper and their sale value would deteriorate as does that of any obligation whose maker so declares. The loss in the last analysis of such a situation would be that of the children whose estates we must protect. Some evidence was produced in the court below by which the plaintiff sought to show bad faith and fraud on the part of this defendant as the purchaser at such sale. The lower court held it insufficient, and so do we.

The judgment of the lower court is affirmed.

JOHNSON, C. J., and HARRISON, WARREN, and GORDON, JJ., concur.