## CUMMINGS v. INMAN et al.

No. 16275—Opinion Filed May 18, 1926.

1. **Limitation of Actions—Right to Second Action in One Year After Dismissal—Suit by Ward to Cancel Guardian's Deed.**

Where an action for the recovery of real property sold by a guardian, commenced by the ward within three years after reaching her majority as provided by section 1496, C. S. 1921, is dismissed without prejudice, a new action may be commenced within one year after such dismissal.

2. **Guardian and Ward—Invalidity of Guardian's Sale Six Months After Notice Date.**

A guardian's sale of real estate at private sale, made more than six months after the day fixed in the notice of sale on or after which the sale would be made, is without notice and void.

3. **Same—Lack of Jurisdiction to Confirm Sale.**

Where the guardian's return of sale shows upon its face that the sale was made more than six months after the day fixed in the notice of sale on or after which the sale would be made, the county court is without power to enter an order of confirmation.

4. **Judgment—Presumptions Favoring Validity—County Court's Judgment in Probate Matters.**

A county court being a court of general jurisdiction in probate matters, every reasonable presumption in favor of the validity of its orders, judgments, and decrees will be indulged, and where the record of the court is silent upon the subject, it will be presumed, in support of the proceedings, that the court inquired into and found the existence of facts authorizing the rendition of a particular judgment. But where the record shows to the contrary, the presumption no longer exists.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Creek County; John L. Norman, Judge.

Action by Jemima Cummings against William N. Inman et al. Judgment for defendants, and plaintiff appeals. Reversed.

T. H. Ottesen, for plaintiff in error.

J. C. Denton, J. H. Crocker, and R. H. Wills, for defendant in error Atlantic Petroleum Corporation.

Warren D. Abbott, for defendant in error Burk-Hoffield Oil Company.

Cheatham & Beaver, for other defendant in error

Opinion by RAY, C. This suit is by a full-blood Creek Indian brought, after reaching her majority, for cancellation of her guardian's deed executed during her minority, for possession, and to quiet title, upon the ground that the sale was in violation of the statutes, and therefore void. William N. Inman and wife, defendants in possession, deraigned title by deed from the purchaser at the guardian's sale. The defendants Atlantic Petroleum Company and Burk-Hoffield Oil Company claimed leasehold interests in the land under oil and gas mining leases from Inman and wife. From an adverse judgment, plaintiff appeals.

The first question to be decided is whether the action was barred by the statute of limitation. Section 1496, C. S. 1921, known as the three-year limitation statute, is the applicable section. Minnehart v. Littlefield, 94 Okla. 249, 222 Pac. 253.

Plaintiff filed suit in the district court of Creek county to recover the land within three years after reaching her majority. That suit was dismissed without prejudice, and the second action, the one now on appeal, was filed within one year thereafter. The contention of the defendants is that, section 1496 being a special statute, section 190, C. S. 1921, which saves to the plaintiff who fails in his case otherwise than upon the merits the right to commence a new action within one year thereafter, does not apply. If that argument is sound, then the present action was barred by section 1496. No case is cited by either party directly in point.

It has been held by the Kansas court,

and by this court, that a suit brought to foreclose a mechanic's lien within the one-year statute, applicable in such cases, where plaintiff failed otherwise than on its merits, could be brought within one year thereafter under the provisions of section 190. Seaton v. Hixon, 35 Kan. 663, 12 Pac. 22; Hobbs v. Spencer, 49 Kan. 769, 31 Pac. 702; Draper v. Miller, 92 Kan. 275, 140 Pac. 890; Amsden v. Johnson, 74 Okla. 295, 158 Pac. 1148; Wheatley v. Riddle, 97 Okla. 218, 223 Pac. 680.

Section 182, found in article 11, Procedure-Civil, is a general statute relating to limitation of actions. It provides:

"Civil actions can only be commenced within the periods prescribed in this article, after the cause of action shall have accrued; but where, in special cases, a different limitation is prescribed by statute, the action shall be governed by such limitation."

In the Minnehart Case it was held that section 1496 was in the nature of a special case within the meaning of section 182, and was therefore not in conflict with any of the limitation sections contained in the procedure act. Section 190, also a part of article 11 of the procedure act, and a general statute, reads:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

It will be observed that the language of this section is broad and applies to any action commenced in due time, where the judgment for the plaintiff is reversed, or he fail in such action otherwise than upon the merits and the time limited for the action shall have expired. It being provided by section 182 that, where in special cases a different limitation is prescribed by statute than that prescribed in the general statute relating to limitation of actions, the action shall be governed by such limitation, and section 190, being made applicable to any action commenced within due time, without any limitation placed upon its application, we think it was the intention of the Legislature that it should apply in all cases, including special cases where limitation is prescribed by statute different from that prescribed in the general statute relating to limitation of actions. We, therefore, hold that section 190 is applicable in this case, and that the action was not barred by the statute of limitation.

Was the guardian's sale void and subject to collateral attack? The order of sale was made February 19, 1910. Pursuant to that order the guardian gave notice, regular in form and duly published, that the land would be sold at private sale at the courthouse on or after March 16, 1910. The guardian's return of sale showed that pursuant to the order of February 19th, he caused public notice to be given that he would sell the land at private sale on or after Wednesday, the 16th day of March, 1910, and that on the 16th day of November, 1910, he sold the land to H. U. Bartlett for $504 cash. After due notice the sale was confirmed November 26, 1910. In the order confirming the sale it was recited that the sale was made November 16, 1910.

The records of the county court disclosing that the guardian's sale was made more than six months from the day fixed in the notice of sale on or after which the sale would be made, it is contended by the plaintiff that the sale was in violation of section 1279, C. S. 1921, which provides that the notice of sale at private sale must state a date on or after which the sale will be made, and the sale must not be made before that day, but must be made within six months thereafter.

The defendants contend that that portion of section 1279, which provides that in the sale of estates of decedents in administration proceedings, the sale must be made within six months after the day fixed in the notice of sale, on or after which the sale will be made, has no application to, and does not control, the guardian's sale of the ward's land for the reason that section 1479 expressly and specifically provides that such sale may be had within one year after the rendition of the order authorizing and directing the same.

Section 1478 provides:

"All the proceedings under petition of guardians for sales of property of their wards, giving notice and the hearing of such petitions, granting and refusing an order of sale, directing the sale to be made at public or private sale, reselling the same property, return of sale, and application for confirmation thereof, notice and hearing of such application, making orders, rejecting or confirming sales and reports of sales, ordering and making conveyances of property sold, accounting and the settlement of accounts must be had and made as provided and required by the provisions of law concerning the estates of decedents unless otherwise specifically provided herein."

Section 1279 is the applicable section, con-

cerning the sale of estates of deceased persons. It reads:

"When a sale of real estate is ordered to be made at private sale, notice of the same must be posted up in three of the most public places in the county in which the land is situated, and published in a newspaper, if there be one printed in the same county; if none, then in such paper as the court may direct, for two weeks successively next before the day on or after which the sale is to be made, in which the lands and tenements to be sold must be described with common certainty. The notice must state a day on or after which the sale will be made, and a place where offers or bids will be received. The day last referred to must be at least 15 days from the first publication of notice, and the sale must not be made before that day, but must be made within six months thereafter. The bids or offers must be in writing, and may be left at the place designated in the notice, or delivered to the executor or administrator personally, or may be filed in the office of the judge of the county court to which the return of the sale must be made, at any time after the first publication of notice, and before the making of the sale. If it is shown that it will be for the best interest of the estate, the court or judge may, by an order, shorten the time of notice, which shall not, however, be less than one week, and may provide that the sale may be made on or after a day less than 15, but not less than eight days from the first publication of the notice, in which case the notice of sale and the sale may be made to correspond with such order."

That this is the applicable section is not questioned, but the contention is that it is modified, in so far as the time of sale is concerned, by section 1479, which reads:

"No order of sale granted in pursuance of this article (chapter) continues in force more than one year after granting the same, without a sale being had."

It is apparent that this section has no reference to the notice of sale or the time in which the sale must be made pursuant to the notice of sale. It simply limits the life of the order of sale in guardianship matters to one year, where a sale has not been made within one year from the time the order of sale is entered. Under section 1279 the order of sale does not fix the time when the notice of sale shall issue, or the day on or after which the sale will be made, or the place where offers or bids will be received. When those sections are considered together, it is clear that it is within the discretion of the guardian as to the time the notice shall issue, and as to fixing the day on or after which the sale will be made, limited in such discretion only

in this, that the sale must be made within one year from the date the order of the sale is entered. It is also made clear by section 1279, and not affected by section 1479, that when the notice is issued, pursuant to the order of sale, fixing the day on or after which the sale will be made, and the place where the offers or bids will be received, and the notice is duly published as required by law, and the sale is made pursuant to that notice, such sale must not be made before the day fixed in the notice, but must be made within six months thereafter. It will be observed that the statute provides that if it is shown to be to the best interest of the estate, the county court is authorized, by order, to shorten the time the notice shall run before the sale, and may provide that the sale may be made on or after a day, less than 15, provided by the statute, in which case the notice of sale and the sale may be made to correspond to the order, but there is no provision for a sale beyond the six months after the day fixed in the notice of sale. By the due and legal publication of the notice the public is notified that the land is for sale, at private sale, and that offers or bids will be received at the place named in the notice during the six months' period following the day so fixed unless a different order is made. As to whether a sale may be made and confirmed prior to the expiration of six months from the day fixed in the notice of sale, on or after which the sale is advertised to be made, in the absence of an order shortening the time, where a bid satisfactory to the guardian and the court is received prior to such time, is not involved and not decided. During the period covered by the notice of sale, or until a satisfactory bid has been received, the sale is open to competitive bidding. A sale made prior to the date fixed in the guardian's published notice, or subsequent to its expiration, is without notice and without competitive bidding.

The statutes provide two methods of sale, one at public sale and the other at private sale. At public sale a time and place certain are fixed when and where the property will be offered for sale at competitive bidding. At private sale the guardian is given a six months' period, in the absence of an order, during which he may, by private agreement or arrangement, receive and accept offers or bids and make the sale subject to the approval of the court. But the statute, in clear and positive terms, provides that such private sale must not be made before the beginning of the six months' period, as fixed in the notice of sale, or after that six

months' period has run. We therefore conclude that the guardian's sale in this case was made in violation of the positive mandatory statute.

Having reached the conclusion that the guardian's sale was made and confirmed in violation of a positive mandatory statute, the question then is presented, Was that a mere irregularity in the proceedings which could be cured by the order confirming the sale, or was it such a sale as the court was without power to confirm?

At the outset it may be said that, as stated by defendants in their brief, it is the settled law of this state that county courts in probate matters are courts of general jurisdiction, and every reasonable presumption in favor of the validity of their orders, judgments, and decrees will be indulged, and that a county court will not be held to have lost its jurisdiction, or to have exceeded its jurisdiction, unless the evidence clearly establishes that it has entered an order, judgment, or decree not authorized by law.

This court has also held that where the record is silent upon the subject, it must be presumed, in support of the proceeding, that the court inquired into and found the existence of facts authorizing it to render the judgment which it did render. Boling y. Merry, 91 Okla. 176, 217 Pac. 404; Hathaway v. Hoffman, 53 Okla. 72, 163 Pac. 184; Greer v. McNeill, 11 Okla. 519, 69 Pac. 891. Unless it clearly appears that it entered a decree not authorized by law, every reasonable presumption will be indulged in favor of the validity of the judgment. Littlehead v. Mount, 99 Okla. 302, 227 Pac. 98.

In Eaves v. Mullen, 25 Okla. 679, 107 Pac. 433, it was held that the confirmation of the guardian's sale made upon a hearing of the return on nine days' notice instead of ten days, as directed by the order fixing the date of such hearing, and as provided by the statute, did not render the decree void on collateral attack.

In White v. Cheatham, 101 Okla. 264, 225 Pac. 533, it was held that the holding in Eaves v. Mullen had become a rule of property in this state, and that where no notice is given of hearing on return of sale, the court had the same jurisdiction to confirm the sale which it would have in event full compliance with the terms of the statute had been had.

In Lewis v. Ward, 101 Okla. 146, 223 Pac. 839, it is held that in the sale of the property of the ward, under section 1279, requiring that notice must be published two weeks successively next before the day on or after the sale is to be made, failure to publish notice the week just prior to the sale, where such publication has been made for two weeks, was an irregularity and cured by the order confirming the sale and did not render the sale subject to collateral attack.

In Tiger v. Drumright, 95 Okla. 174, 217 Pac. 453, it is held that failure of the appraisers to take the oath of office before making appraisements was an irregularity which did not render the sale void, and where the ward's land was sold by the guardian at private sale, and notice of sale published three successive weeks, but not published for the two weeks next before the day designated as the day on or after which the sale was to be made, and notices were not posted in three public places as required by statute, it was held that such irregularity did not render the sale void, and subject to collateral attack.

In Burris v. Straughn, 107 Okla. 299, 232 Pac. 394, where the guardian of three minors petitioned to sell separate property belonging to his three wards, separately described, but in the decree of sale the guardian was authorized to sell the land of the three minors at private sale under one tract, or separate tracts, as he deemed most beneficial, and the lands were separately appraised but sold as one tract, it was held that the order of sale did not necessarily result in the sale of the land of the one for the benefit of the others, and, in the absence of the contrary appearing upon the face of the record, it will be presumed that the court, upon confirmation, found that the sale had been illegally made instead of in violation of law, and that the decree confirming the sale was not void on the ground that the court exceeded its jurisdiction in confirming the sale.

In Foreman v. Chapman, 95 Okla. 132, 219 Pac. 692, the fourth paragraph of the syllabus is as follows:

"After a county court obtains jurisdiction of a guardian sale proceeding, all irregularities and defects between the acquirement of jurisdiction and the order of confirmation are cured by the order of confirmation, to the extent that the order of confirmation may not be collaterally attacked on account of such irregularities, but this rule does not extend to jurisdictional matters."

In Abraham v. Homer, 102 Okla. 12, 226 Pac. 45, it was held that the failure of the guardian to state, in the petition for sale of the ward's real estate, a statutory ground

for the sale, was not jursdictional and did not render the sale void and subject to collateral attack. That case was followed by Nolan v. Jackson, 107 Okla. 163, 231 Pac. 525.

Under the authorities cited the defendants contend that since the guardian's return of sale showed that the sale was made November 16, 1910, and the sale confirmed by the court, it must be presumed that notice was given authorizing the sale to be made upon that day. If the record were silent upon the subject such would be the presumption, but the record is not silent. The guardian's return of sale recites:

"Comes now Robert Givens, guardian of the estate of Jemima Yarhola, and shows to the court that pursuant to the decree of the court entered on the 19th day of February, 1910, authorizing him as such guardian to sell a portion of the real estate belonging to said Jemima Yarhola, hereinafter described, he caused public notice to be given as provided by law and said order that he would sell said hereinafter described real estate at private sale on or after Wednesday. the 16th day of March. 1910, that on the 16th day of November, 1910, he sold said real estate, to wit: * * *"

The guardian in his return of sale also prayed that the court set the return for hearing, and upon hearing he be directed to execute a proper conveyance to the purchaser. The day for hearing was fixed and on the day fixed, due notice having been given. the county court entered an order confirming the sale which contained findings that the sale was made November 16, 1910, at private sale, for the sum of $504 cash; that the sale was made after due notice, as prescribed by the order of sale; that the purchaser was the highest bidder and that the sale was legally made and fairly conducted; that the sum of $504 was not disproportionate to the value of the property sold, and that the guardian had in all things proceeded and conducted and managed the sale as required by the statute and the order of sale. But these general findings of the court cannot remove from the record the positive recitals of the guardian's return of sale, on which the order of confirmation is based, showing that the sale was made after the time fixed in the notice of sale had expired.

Where the record speaks there is no longer occasion to indulge presumption. We quote from the text in 15 R. C. L. 374, pages 895-896:

"When the record speaks at all it must be understood to speak the truth as to the particular fact which it speaks, for by the law of its creation, it can tell no lies, neither direct or circumstantial. This is so not only when the record speaks in favor of jurisdiction, but when it speaks against it. A fact can never be presumed in the face of statements to. the contrary in the record, and if the record states what was done it will not be presumed that something different was done. A presumption never arises that a recital of facts in the record is incomplete or incorrect, and when the record states the evidence or makes an averment with reference to a jurisdictional fact, it will be understood to speak the truth on that point, and it will not be presumed that there was other or different evidence respecting the fact, or that the fact was otherwise than as averred. Were this not so, it would never be possible to attack collaterally the judgment of a superior court, although a want of jurisdiction might be apparent upon its face; the answer to the attack would always be that, notwithstanding the evidence or the averment, the necessary facts to support the judgment are presumed."

In Royal Neighbors of America v. Fletcher, 99 Okla. 297, 227 Pac. 426, the sixth and seventh paragraphs of the syllabus are as follows:

"6. The judgment of a court of general jurisdiction is entitled to the presumption that all things have been done and exist to give effect and validity to the action of the court in so rendering the judgment.

"7. But this presumption cannot exist when the record shows the contrary. In other words, the presumption sought to be indulged in favor of the support of the judgment must not meet with contradiction by matters shown by the record."

Counsel quote the fourth paragraph of the syllabus in Abraham v. Homer, supra, apparently to support the contention that the time or manner of the guardian's sale cannot be inquired into on collateral attack.

"On collateral attack against the judgment of a court of record when fraud is absent and all necessary jurisdictional facts existed in the court rendering the judgment attacked, the court on such collateral attack has no right to inquire, determine, and adjudge as to the existence in the original action of quasi jurisdictional facts or facts constituting. a cause of action, and this is true even though upon the face of such judgment itself, it appears that the court in the original action had erred both in fact and in law as to the existence of such facts and the right of the parties to the relief granted. * * *"

But in that opinion power to render the particular judgment was recognized as one of the elements of jurisdiction. As to what were deemed jurisdictional facts going to

the power of the court to render the particular judgment, we quote paragraphs 8 and 11 of that opinion:

"8. Applicable to the probate court, we often find mandatory statutes which provide that though facts may be presented to the court with jurisdiction over the person and the subject-matter, justifying the court to order real estate of the deceased or of a minor to be sold, and although such an order may have been lawfully made, it may be provided that such sale cannot be confirmed unless the purchase price be equal to a given percentage of the appraised value. In that event facts showing such appraisement in accordance with the mandatory law relate rather to the power of the court to render a judgment of confirmation than to a mere course of procedure, as the result of the appraisement inheres in the judgment itself. Whenever by a statute which the court has determined to be not merely directory, but absolutely mandatory, the Legislature has required acts to be done and provides that the court shall not render a particular judgment without facts showing compliance with such statute, then such facts are jurisdictional to the power of the court to render that particular judgment. * * *

"11. When a court has acquired jurisdiction over the person and the subject-matter, the case is usually required to proceed step by step to a more distant point, where it may make an adjudication and grant relief. In probate cases a proceeding for a sale of real estate is a distinct and independent proceeding, although had in the general cause of administration. See Comstock v. Crawford, 18 L. Ed. (U. S.) 37. Those steps are provided by law and constitute a course of procedure. If the lawmakers in providing the method of such steps had in mind only an advisable manner of orderly advancement and had not in mind the nature of the judgment to be rendered when the course was run, then such statutes are usually regarded as directory, and will be considered only in determining the procedure, and are entitled to no consideration in determining the judicial power of the court to render a judgment. Facts showing compliance with such statutes are clearly quasi jurisdictional only, and not subject to consideration in collateral attack. On the other hand, if it appears that in the enactment of such statute the lawmakers, while providing a step in the procedure, had uppermost in mind the effect of such a step upon the judgment thereafter to be rendered, and intended the taking of such step in the procedure as a condition precedent to the existence of the judicial power of a court to thereafter render the particular judgment, then such facts, while in a sense being quasi jurisdictional, are clearly jurisdictional facts, necessary to the existence of the third element of jurisdiction. Such statute is a manda-

tory one. A directory statute of procedure, such as is above considered, has no direct relation to the substance of the adjudication to be made, while compliance with the mandatory statute above illustrated reaches into the power of the court to render the decree, and the result of such compliance inheres in such decree as a material and substantial part of the judgment itself. If by statute the lawmakers provide that notice shall be posted of the time when a county court shall hear the petition of a guardian to sell his ward's real estate, and the court has already acquired jurisdiction over the person and subject-matter, and over the special proceedings there being had, why, such statute has naught to do with the substance of the judgment which the court will thereafter render and the statute is one of procedure only. But where a statute requires that the land to be sold must be appraised and that the court shall not confirm a sale thereof for less than a given per cent. of the appraised value of the land, then such appraisement, while being a step in the course of procedure, creates a result that inheres in the material substance of the judgment. Facts showing compliance with such mandatory statute are evidently intended by the lawmakers as material to the existence of the power of the court to render the judgment confirming the sale and are jurisdictional facts."

If a sale by the guardian for a less percentage of the appraised value than required by statute inheres in the judgment, and relates to the power of the court to render a judgment of confirmation, then it must be held that where it is shown on the face of the record that the guardian sale was made without notice, and therefore without competitive bidding or offers, in violation of a positive statute, such unlawful sale inheres in the judgment of confirmation and renders it void. While the notice of sale required by the order of sale, and by statute, to be given of the day on or after which the sale will be made, may be termed a step in the procedure, it is clear, from the positive requirements of the statute. that the sale must not be made before the day fixed in the notice of sale, on or after which the sale will be made, but must be made within six months thereafter; that it was the intention of the Legislature that an opportunity for competitive bidding should be a condition precedent to the power of the county court to enter the judgment of confirmation of the guardian's sale. The guardian's sale in this case, as shown on the face of the record, was made more than two months after the notice of sale had expired by statutory limitation, and the sale was, therefore, made

without notice in violation of the positive terms of the statute and void.

The judgment is reversed for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.

Note.—See under (1) 37 C. J. p. 1083 §527. (2) 28 C. J. p. 1186 §322. (3) 28 C. J. p. 1192 §334. (4) 34 C. J. p. 537 §841; p. 551 §850: 15 R. C. L. pp. 885, 893; 3 R. C. L. Supp. p. 503; 5 R. C. L. Supp. p. 857.